337 So.2d 1107 (1976)
STATE of Louisiana
v.
Milton PRATER.
No. 57586.
Supreme Court of Louisiana.
September 13, 1976.
*1108 Lyall G. Shiell, Jr., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Milton Prater was charged by bill of information with the distribution of heroin, in violation of La.R.S. 40:966. After trial by jury, he was found guilty as charged and was thereafter sentenced to life imprisonment at hard labor. On appeal, he relies upon two assignments of error[1] for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial judge erred in refusing to charge the jury that, in the event defendant was found guilty of distribution of heroin, a mandatory life sentence would be imposed. Defendant argues that justice requires the jury be informed of this mandatory penalty so that they would give "more careful consideration to their verdict."
There is no merit to this contention. Under our law, the jury in a criminal case is the judge of the law and facts on the question of guilt or innocence, having been charged as to the law applicable to the case by the court. La.Code Crim.P. art. 802. Upon a verdict of guilty, the sentence is imposed by the court on the defendant. Id. art. 871.
Our jurisprudence is uniform in holding that the imposition of sentence or the fixing of the punishment for conviction is solely within the province of the judge and is not a function of the jury which is concerned only with the determination of guilt or innocence of the accused. State v. Blackwell, 298 So.2d 798 (La.1974); State v. Lewis, 296 So.2d 824 (La.1974); State v. Harris, 258 La. 720, 247 So.2d 847 (1971); State v. Andrus, 250 La. 765, 199 So.2d 867 (1967); State v. Green, 244 La. 80, 150 So.2d 571 (1963). Likewise, we have held that sentence regulations, such as those relating to mandatory terms, form no part of the applicable law for the judge's charge to the jury. State v. Harris, supra; State v. Green, supra. In other jurisdictions where the jury determines only guilt or innocence and the court imposes the penalty as in *1109 Louisiana, it is not error for the court to refuse to instruct the jury on possible penalties. The general view is that penalty is simply of no concern to the jury. State v. Blackwell, supra, and authorities cited therein.
Accordingly, we do not find that the trial judge erred in refusing to instruct the jury on the penalty that would be imposed by the court on the defendant in the event of his conviction of the crime charged. This assignment of error is without substance.

ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial judge erred in overruling his objection to the testimony of Detective Branham that he "observed between 12:35 and 2:50 numerous transactions take place" at the location where the officer had defendant under surveillance immediately prior to his arrest. Defendant argues that there had been no foundation for this testimony and that it was ambiguous. He further submits that the testimony was particularly prejudicial in view of the fact that there was no evidence of the sale or distribution of heroin by him other than the testimony of Edward Prevost, a well-known police character who had been promised immunity.
We find no substance to this contention. Detective Branham, a police officer for ten years, testified as to his surveillance of defendant. He described what he saw prior to, during and after the offense here charged. In our view, he had sufficient experience and knowledge of narcotics transactions to express an opinion that he observed "numerous transactions."
As a general rule, a witness is ordinarily incompetent to give opinion testimony. La.R.S. 15:463 provides:
Except as otherwise provided in this Code, the witness can testify only as to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have.
It is nonetheless well settled that, in exception to the rule of La.R.S. 15:463, a witness may state a natural inference from facts that he had observed. However, it is necessary that the witness state the basic facts upon which the inference was based. State v. Rogers, 324 So.2d 403 (La.1975); State v. Davalie, 313 So.2d 587 (La.1975); State v. Lewis, 288 So.2d 324 (La.1974).
Furthermore, the testimony of Edward Prevost was not the only testimony at trial of the commission of the offense. Deandrea Sutherland, a companion of Prevost, described how she and Prevost bought heroin from the accused at the time in question. Officer William Schultz likewise testified that the watched the sale of heroin to Prevost and Sutherland by the defendant.
In sum, we find no merit in this assignment of error.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
TATE, J., concurs and assigns reasons.
DENNIS and DIXON, JJ., dissent.
CALOGERO, J., dissents and assigns reasons.
TATE, Justice (concurring).
Under State v. Blackwell, 298 So.2d 798 (La.1974), the trial court is entrusted with discretion as to whether to charge the jury as to the sentences applicable to the offense, and as to whether to permit the attorneys to argue penalties to the jury. The reason expressed for permitting this discretion is that, technically speaking, sentences and penalties are a function of the trial judge, not of the trial jury, so therefore the judge is not required to permit to hear charges and argument relating to penalties.
In Blackwell, three members of the court dissented from this construction of our statutory law. The dissenting judges noted that "the law" applicable to the charge tried includes the penalty. They also noted that it is unrealistic to hold that the jury *1110 has no function with regard to the penalty imposed when, in fact, the penalty results from the verdict chosen by the jury. We noted that, in factually borderline instances, the seriousness of the penalty (whether penitentiary or parish jail, for example) might be more indicative to the jury of the measure of the criminal conduct charged than the technical distinctions between the offenses, couched in legalisms often obscure to laymen.
I remain convinced that the dissenting view in Blackwell is correct. However, I am unwilling to reverse the present conviction, because it was tried in reliance upon the ruling of the majority in Blackwell; and I cannot agree with the dissenting view that the mandatory-penalty feature of the present case presents a functionally significant distinguishing feature preventing application of the Blackwell rationale.
I do believe that Blackwell should be overruled at least prospectively: In order to perform their important functions in the administering of criminal justice, jurors should be fully informed of the consequences of their verdicts, including the penalties involved. No technicality of legal reasoning persuades me otherwise.
This view is reinforced by the recent decision of the United States Supreme Court, when it held unconstitutional the penalty provision in our first-degree murder statute in Roberts v. Louisiana, 2___ U.S.___, 96 S.Ct. 3001, 49 L.Ed.2d ___ 974 (1976). There, our high court emphasized the importance of jury consideration of the seriousness of the penalty, for meaningful jury evaluation of the consequences of criminal conduct.
The present case is illustrative of the difficulty involved in administering the Blackwell rule, which permits charge and argument as to penalty in the discretion (or not) of the trial court. The split decisions in two other decisions rendered this date, State v. Chatman, 337 So.2d 1106 (La.1976), and State v. Unzueta, 337 So.2d 1102 (La. 1976), are likewise persuasive indications to the same effect.
It seems to me that, sooner or later, Blackwell will be overruled, in favor of requiring the trial court to charge the jury as to the penalties and to permit arguments as to same, if requested. When faced with the issue in the future, therefore, the trial courts of this state might well exercise their discretion in favor of giving charges and permitting arguments as to penalties, in view of the decisions of at least four justices of this court (see dissents to this majority opinion) who now agree that, despite Blackwell, arguments as to penalty should be allowed for jury consideration, at least in some instances.
While I do not believe that the present conviction should be reversed, since tried without prior indication of the erosion of the Blackwell rationale, in any case tried after the finality of the present decision I shall regard the bench and bar as on notice that, in the view of a majority of this court, a charge and argument may be required and permitted, despite Blackwell, when the statutory offense requires a mandatory legislative penalty, with no judicial discretion as to its imposition following verdict. Thus, to this extent at least, Blackwell may be regarded as overruled prospectively by the present opinion.
CALOGERO, Justice (dissenting).
In its opinion the majority holds that a person on trial for the crime of distribution of heroin has no right to have the jury informed that upon a guilty verdict a mandatory sentence of life imprisonment will be imposed. I disagree with that holding, because I feel that this jury should have been told the automatic effect of its action in finding defendant Prater guilty. In State v. Blackwell, 298 So.2d 798 (La.1974), we held that the jury need not be told the range of penalties that could be imposed if the defendant were convicted of the crime of armed robbery. We made this decision because the penalty for armed robbery can vary from a minimum of five years to a maximum of ninety-nine years on the basis of whatever clemency or harshness the trial judge feels is appropriate in a particular case. We noted in that opinion, however, that the result would be different were the *1111 penalty made mandatory by the statute. We were thinking there specifically about a capital verdict.[1]
I feel that the case now before us fits that situation which we distinguished in Blackwell because when the jury found this defendant guilty of distribution of heroin the penalty was mandatory: only life imprisonment could be imposed by the trial court. The judge had no discretion to impose a lesser penalty in proper circumstances; he simply had to impose the serious, mandatory penalty required by law.
Therefore, I dissent to the majority ruling, because I believe that in this case, where there is no sentencing discretion following a conviction for distribution of heroin, the jury should have been informed of the penalty.
NOTES
[1] Assignment of Error No. 3 was specifically abandoned in brief.
[1] At the time of defendant Blackwell's trial, a capital verdict could result only in a penalty of life imprisonment.