367 So.2d 4 (1978)
STATE of Louisiana
v.
Alvin "Coffee" WASHINGTON.
No. 62527.
Supreme Court of Louisiana.
December 15, 1978.
D. Michael Mooney, Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Gregory D. Lyons, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant Alvin "Coffee" Washington was charged with distribution of heroin in violation of R.S. 40:966(A). After trial by jury beginning January 11, 1978, defendant was found guilty as charged. On March 13, 1978 the trial court sentenced him to the mandatory life term under the statute. On appeal, defendant argues sixteen of the twenty-one assignments of error filed in the trial court. Assignments 15 and 17 present reversible error.

Assignments of Error Nos. 15 and 17
Defense argues that the trial court erred in failing to instruct the jury that the mandatory penalty for distribution of heroin was life imprisonment; further, defense counsel complains that he was forbidden under pain of contempt to inform the jury of the penalty in argument.
State v. Blackwell, 298 So.2d 798 (La. 1974), held that a jury need not be told of the penalty in an armed robbery case, noting, however, that in cases in which the penalty was mandatory life, the jury was to be informed of the sentence. In State v. Prater, 337 So.2d 1107 (La.1976), a majority of this court indicated that Blackwell would not apply "when the statutory offense requires a mandatory legislative penalty, with no judicial discretion as to its imposition following verdict." 337 So.2d 1107, 1110. State v. Milby, 345 So.2d 18 (La.1977), noted the exception to the Blackwell rule, but did not reverse because the case was tried before Prater.
Trial in this case began January 11, 1978. The issue is squarely presented. The trial judge was in error.
When the penalty imposed by the statute is a mandatory one the trial judge must inform the jury of the penalty on request of the defendant, and must permit the defense to argue the penalty to the jury, for the reasons expressed in the dissents to State v. Blackwell, supra, and in *5 the cases of State v. Prater, supra and State v. Milby, supra.
The conviction and sentence are reversed, and the case is remanded for a new trial.
TATE, J., assigns concurring reasons.
SUMMERS and MARCUS, JJ., dissent.
SANDERS, C. J., dissents and assigns reasons.
TATE, Justice (concurring).
The special charge was not refused as incorrect. Both the trial court and the attorneys thought it correctly expressed the law.
The trial court denied the special charge solely because of its mistaken view that no charge or argument is permitted about sentences, even if the sentence is mandatory. The majority opinion correctly states the law.
SANDERS, Chief Justice (dissenting).
The majority reverses this conviction because of the trial judge's refusal to give the following special charge to the jury and to permit defense counsel to argue its substance to the jury:
"Should you the members of this Jury find Mr. Alvin `Coffee' Washington guilty of distribution of heroin then by law this Court must sentence him to life imprisonment at hard labor without benefit of probation, or suspension of sentence, and may, in addition, require him to pay a fine of not more than $15,000.00."
Louisiana Code of Criminal Procedure Article 807 requires the trial judge to give a special charge only "if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent." If the instruction is not wholly correct, it need not be given. State v. George, La., 346 So.2d 694 (1977); State v. Hall, La., 342 So.2d 616 (1977).
The special charge here is incorrect, because it asserts that the life sentence here is not subject to probation or suspension of sentence.
The present crime, distribution of heroin, was committed in 1974. At the time of the offense, the penalty was set forth in LSA-R.S. 40:966 B(1), providing for a sentence of life imprisonment and a discretionary fine. We have previously held that the statute barred neither suspension of sentence, probation, nor parole. State v. Whitehurst, La., 319 So.2d 907 (1975); State v. Terrebonne, La., 364 So.2d 1290 (1978).[1]
Hence, the requested charge was incorrect and properly rejected.
There is another equally valid reason why reversal is unjustified in the present case. The majority relies upon State v. Milby, La., 345 So.2d 18 (1977); State v. Prater, La., 337 So.2d 1107 (1976) (concurring opinion), requiring a penalty charge "when the statutory offense requires a mandatory legislative penalty, with no judicial discretion as to its imposition following verdict."
As I have noted, the penitentiary sentence in the present case is not mandatory in the usual sense. Either the execution or imposition of the sentence can be suspended. The trial judge can also grant probation. Hence, the cited decisions are inapplicable.
The record reflects that, at the time of sentence, the trial judge had a misapprehension of his sentencing authority, entertaining the view that he had no authority to suspend the sentence or utilize probation. Under the law, these alternatives were available to him. Hence, I would vacate the sentence and remand the case to the trial court for resentencing in the light of his correct sentencing authority.
For the reasons assigned, I respectfully dissent.
NOTES
[1] Act 631 of 1977 later amended the statute to prohibit probation and suspension of sentence, but it is inapplicable here.