DIXON, Justice.
Defendant Alvin “Coffee” Washington was charged with distribution of heroin in violation of R.S. 40:966(A). After trial by jury beginning January 11, 1978, defendant was found guilty as charged. On March 13, 1978 the trial court sentenced him to the mandatory life term under the statute. On appeal, defendant argues sixteen of the twenty-one assignments of error filed in the trial court. Assignments 15 and 17 present reversible error.

Assignments of Error Nos. 15 and 17

Defense argues that the trial court erred in failing to instruct the jury that the mandatory penalty for distribution of heroin was life imprisonment; further, defense counsel complains that he was forbidden under pain of contempt to inform the jury of the penalty in argument.
State v. Blackwell, 298 So.2d 798 (La.1974), held that a jury need not be told of the penalty in an armed robbery case, noting, however, that in cases in which the penalty was mandatory life, the jury was to be informed of the sentence. In State v. Prater, 337 So.2d 1107 (La.1976), a majority of this court indicated that Blackwell would not apply “when the statutory offense requires a mandatory legislative penalty, with no judicial discretion as to its imposition following verdict.” 337 So.2d 1107, 1110. State v. Milby, 345 So.2d 18 (La.1977), noted the exception to the Blackwell rule, but did not reverse because the case was tried before Prater.
Trial in this case began January 11, 1978. The issue is squarely presented. The trial judge was in error.
When the penalty imposed by the statute is a mandatory one the trial judge must inform the jury of the penalty on request of the defendant, and must permit the defense to argue the penalty to the jury, for the reasons expressed in the dissents to State v. Blackwell, supra, and in *5 the cases of State v. Prater, supra and State v. Milby, supra.
The conviction and sentence are reversed, and the case is remanded for a new trial.
TATE, J., assigns concurring reasons.
SUMMERS and MARCUS, JJ., dissent.
SANDERS, C. J., dissents and assigns reasons.