**Milton PRATER, Petitioner-Appellant,**

v.

**Ross MAGGIO, Jr., Warden, Louisiana State Penitentiary, and the Attorney General of the State of Louisiana, Respondents-Appellees.**

No. 81–3639
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 24, 1982.

---

John F. Ales, McCollister, McCleary, Fazio, Mixon, Holliday & Hicks (Court-appointed), Baton Rouge, La., for petitioner-appellant.

John H. Craft, Asst. Dist. Atty., New Orleans, La., for respondents-appellees.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Milton Prater seeks a writ of habeas corpus, contending that he was denied equal protection of the law and due process because the state supreme court, in affirming his conviction of a state offense, held that one of his assignments of error had merit, but limited the operation of the new rule to future cases. He contends also that the trial prosecutor's alleged misconduct, the judge's instructions to the jury, and the judge's alleged failure to exercise discretion in sentencing violated his constitutional rights. Finding no denial of due process or equal protection, and no merit in the other claims, we affirm the district court's denial of relief.

## I.

Prater was convicted in a Louisiana court of distributing heroin. The Louisiana Supreme Court affirmed his conviction, recognizing the validity of one of his claims of error but announcing a new rule to be applied "purely prospectively."[1] *State v. Prater*, 337 So.2d 1107 (La.1976). The trial court denied his subsequent state habeas petition, and the Louisiana Supreme Court affirmed without opinion. *State ex rel. Prater v. Blackburn*, 380 So.2d 1373 (La. 1980). He then resorted to federal court.

---

1. "A ruling which is purely prospective does not even apply to the parties before the court." *Linkletter v. Walker*, 381 U.S. 618, 621–22, 85 S.Ct. 1731, 1733, 14 L.Ed.2d 601, 603–04 (1965).

## II.

The trial judge refused to instruct the jury about, or permit Prater's lawyer to mention in closing argument that, on conviction, Louisiana law mandated a life sentence. In affirming his conviction on direct appeal, *State v. Prater*, 337 So.2d 1107 (La. 1976), the Louisiana Supreme Court held that juries should in the future be informed if a sentence is mandatory. Prater contends that its refusal to apply the rule to him denied him equal protection of the law as well as due process.

The majority opinion in *Prater* held that the trial judge was correct in refusing to permit the jury to be informed of the sentence. One of the members of the majority, however, filed a special concurrence stating that he voted to affirm the conviction because the trial judge properly relied on prior Louisiana authority;[2] however, he agreed that jurors should henceforth be informed of any penalty that would be mandatory if the jury convicted the defendant. He concluded that "*Blackwell* may be regarded as overruled prospectively by the present opinion." *Id.* at 1110 (Tate, J., concurring).[3]

In *Great Northern Railway Co. v. Sunburst Oil & Refining Co.*, 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932), the Court rejected an argument similar to Prater's. The Montana Supreme Court had overruled its decision in *Doney v. Northern Pacific Railway Co.*, 60 Mont. 209, 199 P. 432 (1921). In overruling *Doney*, the Montana court held that the decision would nevertheless be applied to those litigants who, "during the period of its reign, had acted on the faith of it." *Sunburst*, 287 U.S. at 361, 53 S.Ct. at 147, 77 L.Ed. at 364. The Court held that the Constitution:

> [H]as no voice upon the subject. A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward. It may say that decisions of its highest court, though later overruled, are the law none the less for intermediate transactions. . . . The choice for any state may be determined by the juristic philosophy of the judges of her courts, their conceptions of law, its origin and nature. We review, not the wisdom of their philosophies, but the legality of their acts. . . . If this is the common-law doctrine of adherence to precedent as understood and enforced by the courts of [the state], we are not at liberty, for anything contained in the Constitution of the United States, to thrust upon those courts a different conception either of the binding force of precedent or of the meaning of the judicial process.

*Id.* at 364–66, 53 S.Ct. at 148–49, 77 L.Ed. at 366–67.

▮ *Sunburst*'s reasoning applies to Prater's due process claim. Indeed, the Supreme Court itself has given a ruling "purely prospective" application in at least one case involving criminal law. *James v. United States*, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1961). *See Wainwright v. Stone*, 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973) (per curiam); *cf. England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 422, 84 S.Ct. 461, 468, 11 L.Ed.2d 440, 449 (1964) (decision not applied to parties before court although their mistaken view of the law "will not avail other litigants who rely on it after today's decision").[4]

Moving to the equal protection aspect of Prater's claim, Prater neither claims to be, nor is, a member of a suspect class. Therefore, the state need demonstrate only that

---

**2.** *State v. Blackwell*, 298 So.2d 798 (La.1974), holding that the trial judge has discretion whether to instruct the jury about the penalty on conviction.

**3.** Three justices and Justice Tate combined to form the majority voting for affirmance. Three justices dissented: Justice Calogero filed a dissenting opinion arguing that the judge should

have informed the jury of the penalty, and Justices Dixon and Dennis dissented without opinion. *State v. Prater*, 337 So.2d 1110 (La. 1976).

**4.** *See also National Ass'n of Broadcasters v. FCC*, 554 F.2d 1118, 1130–31 & n.32 (D.C.Cir. 1976) (collecting cases involving the *Sunburst* doctrine).

its decision is rationally related to a legitimate state interest in order to prevail.

Justice Tate's concurring opinion in *State v. Prater* rests on courts' and litigants' reliance on *Blackwell* and refuses to upset justified expectations. Courts may rationally decline to give a decision retrospective effect when to do so would be unjust because, for example, of reliance on prior law. *See, e.g., Linkletter v. Walker*, 381 U.S. 618, 628, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601, 607 (1965). We conclude, therefore, that the court's decision to apply the *Prater* holding "purely prospectively" was rationally related to the state interest in stability and fairness in the law.

### III.

Prater claims that the prosecutor's reference in closing argument to the "unrebutted" testimony of the state's witnesses directed the jury's attention to Prater's failure to testify, violating the fifth amendment's prohibition against self-incrimination as interpreted in *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).[5] In addition, he contends that the judge's instruction on negating the provisions of the law improperly assigned him the burden of proof.

The record supports the district court's conclusion that there was no objection to the prosecutor's comments or to the court's instructions.[6] Prater has, therefore, waived these contentions. *Wainwright v.*

---

**5.** In *Jennings v. United States*, 527 F.2d 862, 871 (5th Cir. 1976), we held that a prosecutor may point out that a witness's testimony is uncontradicted. This is because someone other than the defendant or the defendant's witnesses could *contradict* a state witness's testimony.

Prater argues that no one but the defendant or a defense witness could *rebut* prosecution testimony. Thus, he claims, the remark infringed on his constitutional right not to present evidence and not to testify.

Because we resolve this contention on another ground, we need not decide the question. However, we note that the argument differs from the style we approved in *Jennings*.

*Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Huffman v. Wainwright*, 651 F.2d 347, 349 (5th Cir. 1981) (per curiam).[7]

### IV.

Prater next argues that the state trial judge's denial of his motion for resentencing violates the due process clause because he is entitled to an appropriate exercise of the trial judge's discretion under the doctrine of *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980). In *Hicks*, the jury convicted the defendant and, as Oklahoma procedure dictated, sentenced him, assessing a mandatory penalty of forty years in jail. The Oklahoma appellate courts then declared the mandatory forty-year sentence unconstitutional while Hicks' case was pending on direct appeal. The Oklahoma Court of Criminal Appeals declined to order Hicks resentenced, however, reasoning that the forty-year sentence was within the range of lawful punishment.

The Supreme Court reversed the decision and remanded for resentencing, holding that the Oklahoma courts had deprived Hicks of liberty without due process of law. The Court rejected the argument that the defendant's interest in the exercise of sentencing discretion is a matter of state procedural law, stating that the defendant in such a case "has a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion, and that liberty interest is one

---

**6.** Louisiana's contemporaneous objection rule is codified at La.Code Crim.Pro.Ann. art. 841 (West Supp.1982). Prater made no showing of "cause" for the failure to object or of "actual prejudice" therefrom. Such a showing is required to set aside the waiver under *Wainwright v. Sykes. See Washington v. Estelle*, 648 F.2d 276, 278 (5th Cir.), *cert. denied*, 454 U.S. 899, 102 S.Ct. 402, 70 L.Ed.2d 216 (1981).

**7.** We note that the instruction placed the burden of proving an affirmative defense on the defendant. *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), does not hold this to be a constitutional violation.

that the fourteenth amendment preserves against arbitrary deprivation by the state." *Id.* at 346, 100 S.Ct. at 2229, 65 L.Ed.2d at 180 (citation omitted).[8]

Prater was sentenced to life imprisonment under the command of La.Rev.Stat. Ann. § 40:966 (1973) (amended 1977, 1981) (West 1974 & Supp.1982). At the time he was sentenced, the trial judge could condemn a convicted defendant to prison, in which case life imprisonment was mandatory, or could suspend the sentence or place the defendant on probation.[9]

■ Prater claims that the judge failed to exercise appropriate discretion in sentencing him to prison. While the sentencing hearing is not transcribed, the judge's order entered when he denied resentencing indicates that he was aware of the option to suspend Prater's sentence or place him on probation, and declined to exercise it. *State v. Prater*, No. 246–089 (La.Crim. Dist.Ct. Orleans Parish, Oct. 3, 1979) (judgment denying resentencing). There was no error in denying habeas corpus relief on this ground.

For these reasons, the judgment of the district court dismissing the habeas petition is AFFIRMED.

---

**8.** In *Hicks*, the jury both decided innocence or guilt and imposed sentence on the defendant. The rule of the case is not, however, limited to imposition of sentences by *juries*. In this case, the judge—not the jury—was vested with statutory discretion in sentencing. The defendant had a legitimate expectation that he would be deprived of liberty only after an appropriate exercise of that discretion. *See Hicks*, 447 U.S. at 346, 100 S.Ct. at 2229, 65 L.Ed.2d at 180.

**9.** The statute was amended in 1977 to remove the court's discretion to suspend the sentence or place the defendant on probation. *See* La. Rev.Stat.Ann. § 40:966 (West 1977). The 1981 amendment added sections not relevant here. *See id.* (West Supp.1982).