DOUCET, Judge.
Defendant, John D. Peddy, was convicted after a jury trial of second degree murder, a violation of La.R.S. 14:30.1. Peddy was sentenced to life imprisonment and now appeals raising four assignments of error.[1] We find merit in assignment of error number two, and will vacate the conviction and remand. For this reason, we will not discuss the other assignments.
Defendant contends that the trial court erred in refusing to instruct the jury that a second degree murder conviction requires the court to sentence the defendant to life imprisonment.
Prior to the trial judge’s charging the jury, the defendant submitted several special jury instructions. One such instruction informed the jury that the penalty provision for second degree murder carried a mandatory life sentence. The state objected, arguing that the sentence was outside the province of the jurors, and that the consequence of their verdict should not be factored into their consideration of the merits. The trial judge denied defendant’s request for this special instruction.
The state in its response brief concedes that the trial court should have instructed the jury that a second degree murder conviction carries a life sentence. Our Louisiana Supreme Court has ruled that where the defendant requests the jury be instructed as to a mandatory penalty provision, the trial court must grant that request and inform the jury of that sentence. State v. Jackson, 450 So.2d 621 (La.1984); State v. Hooks, 421 So.2d 880 (La.1982); State v. Washington, 367 So.2d 4 (La.1978).
The state argues, however, that while the denial of this requested jury charge was error, it was not reversible error because it was not properly preserved for review. The state relies on the trial judge’s reasons for denying the defendant’s motion for a new trial, wherein defendant raised this exact issue. The trial court stated that any error in this regard was waived because the defendant did not comply with La.C.Cr.P. art. 841 and 844. The trial judge recalled that defense counsel merely objected and did not state the *1037 reasons for the objection, and therefore the issue was not properly preserved. The judge cited State v. Jackson, supra; State v. Baylis, 388 So.2d 713 (La.1980); and State v. Daigle, 440 So.2d 230 (La.App. 3rd Cir.1984), as his authority.
The trial court was incorrect in ruling that the defendant’s attorney did not state his reasons following his objection to the trial court’s refusal to give the requested jury charge. The record reveals that defense counsel first incorporated his arguments raised in the bench conference with regard to questioning the jurors during their voir dire about the mandatory life sentence for second degree murder. Then, counsel persisted — and did so in the face of knowing the trial court was already predisposed to rule against him. The record shows the following interchanges.
BY MR. HUMPHRIES (DEFENSE COUNSEL):
Your Honor, Special Jury Charge Number 3 concerns the penalty provision of second degree murder. I know the Court had previously ruled on my penalty arguments at voir dire, but I’m going to again reurge them in jury instructions. And we would ask the Court charge the defendant on three and four, one is the penalty of second degree murder and the other’s the penalty of manslaughter.
BY MR. STRIDER (PROSECUTOR):
Your Honor, I would object to both of those.
BY THE COURT:
You would object?
BY MR. STRIDER:
Yes sir, the penalty is not in the providence [sic] of the jury; that’s in the providence [sic] of the Court.
BY THE COURT:
Denied; 3 and 4.
BY MR. HUMPHRIES:
Your Honor, we would note our objection and ask an assignment of error.
* * •* * * *
BY MR. HUMPHRIES:
All right, Your Honor, we would respectfully object and assign error and, Your Honor, if I might, for the record on the Special Jury Charges number 3, 4 and 5, just state for the record our reason that we feel as though that on the penalty provisions that we can adequately argue the law to the jury and the jurisprudence would allow us to have those instructions.
* $ * * * 5k
BY THE COURT:
Mr. Strider, you want to reply?
BY MR. STRIDER:
No, Your Honor, the Court has ruled. BY THE COURT:
All right, sir.
The reason an attorney must state the reasons supporting his objection to a ruling is to allow the trial court an opportunity to correct the error himself. State v. Adams, 446 So.2d 355 (La.App. 3rd Cir.1984), writ denied, 449 So.2d 1355 (La.1984). The record reveals that defense counsel gave sufficient reasons to the trial court in order to prevent the error from ever occurring, hence he thereby sufficiently stated reasons enough to preserve the error for appellate review.
In this case, the record reveals that the jury’s deliberation focused on the differences between second degree murder and manslaughter. After considering the case for approximately one hour, the jury requested the trial judge to repeat the definitions of these offenses. As in the initial charge, the trial court did not inform the jury of sentencing provisions. Five minutes after the trial court repeated the definitions, the jury returned a guilty verdict of second degree murder. The vote was ten to two.
The Supreme Court has recognized that jurors often appreciate and distinguish different offenses by the sentences they carry and not the nuances of varying degrees of criminal intent. State v. Milby, 345 So.2d 18 (La.1977); State v. Prater, 337 So.2d 1107 (La.1976). In the instant case, knowledge of what sentence the defendant must receive if convicted of second degree murder could have very well been the decisive factor among the jurors. Because the defendant was entitled to have *1038 the jurors informed of the penalty provision, and the trial court refused to do so, defendant’s conviction must be overturned.
Therefore, defendant’s conviction and sentence are reversed and set aside, and the case is remanded to the district court for proceedings consistent with this opinion.
REVERSED AND REMANDED.

. While reviewing the records for errors patent, it was discovered that there was an error in the indictment. The indictment referred to the statute which the defendant allegedly violated as "R.S. 14:0030.1.” The defendant was indicted for second degree murder, a violation of La.R.S. 14:30.1. This typographical error caused no prejudice, and did not mislead the defendant as to the state’s charge against him. Therefore, this error was harmless. State v. Robinson, 549 So.2d 1282 (La.App. 3rd Cir.1989).