Eldridge **PAYTON**, Petitioner–Appellant,

v.

John P. **WHITLEY**, Warden, Louisiana State Penitentiary, Respondent–Appellee.

No. 91–3144
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 1991.

---

Eldridge Payton, pro se.

Martin L. Melton, Asst. Dist. Attys., Richard Michael Olsen, Orleans Parish Dist. Atty's Office, New Orleans, La., for respondent-appellee.

Before GARWOOD, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:

Eldridge Payton appeals an order denying his petition for habeas corpus without an evidentiary hearing. Finding that Payton failed to raise a genuine issue of fact in support of the petition, we affirm.

I.

A Louisiana jury convicted Eldridge Payton of attempted armed robbery in 1973. Under the Louisiana statutes then in effect, armed robbery carried a maximum sentence of 99 years imprisonment, and attempted armed robbery a maximum sentence of "one-half of the longest term of imprisonment prescribed for the offense so attempted." *See* La.Rev.Stat.Ann. §§ 14:64 and 14:27. A separate statute expressly excluded persons convicted of armed robbery from parole consideration. *See* La.Rev.Stat.Ann. § 15:574.4. The trial judge sentenced Payton to 49 1/2 years at hard labor; the record documenting the sentence is silent as to parole, probation, and suspension of sentence. The Louisiana Supreme Court subsequently affirmed Payton's conviction. *State v. Payton*, 359 So.2d 184 (La.1978).

Represented by counsel, Payton filed a motion to correct an illegal sentence with a Louisiana criminal district court. He argued that, because the judge failed to include the phrase "without benefit of parole, probation or suspension of sentence" in the sentence, the judge imposed the maximum sentence under the mistaken belief that Payton would be eligible for parole after serving one-third of his sentence. Payton further argued that the judge would have imposed a lesser sentence had he realized that Payton was ineligible for parole. The criminal district court rejected the motion, and the Louisiana Supreme Court denied a supervisory writ.

Payton then raised the same issue in a *pro se* habeas petition with the district court below. The district court dismissed the petition without an evidentiary hearing. The court reasoned that there was "no ambiguous statement by the judge who sentenced petitioner, indicating that he was unaware that petitioner would not be entitled to parole." Payton now appeals to this court.

II.

Payton contends that the district court erred in denying him an evidentiary hearing on his due process claim. After *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980), and *Prater v. Maggio*, 686 F.2d 346 (5th Cir.1982), it is clear that due process is violated when a sentencing judge or jury is unaware of discretionary sentencing alternatives. However, a habeas petitioner is not entitled to an evidentiary hearing on a *Hicks* claim unless he raises "a genuine issue as to the sentencing judge's knowledge and understanding of sentencing discretion." *Anderson v. Jones*, 743 F.2d 306, 308 (5th Cir.1984).

Louisiana's attorney general argues that, even if Payton's assertions are correct, the possibility of parole is not a consti-

tutionally protected interest. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979). It is true that a habeas petitioner is only entitled to an evidentiary hearing if his allegations could establish a right to release. *Townsend v. Sain*, 372 U.S. 293, 307, 83 S.Ct. 745, 754, 9 L.Ed.2d 770 (1963). But the state's argument ignores the essence of Payton's petition; he contends that the sentence *itself* was invalidly imposed. Moreover, the Supreme Court flatly rejected a similar argument in *Hicks*. There the state argued that the petitioner suffered no prejudice because the sentence imposed was within the statutory limits. The Court rejected the argument, reasoning that the petitioner had a statutory right to have his sentence assessed by a jury. Had the court correctly instructed the jury, the jury might have returned a lesser sentence. "It is therefore, wholly incorrect to say that the petitioner could not have been prejudiced by the instruction requiring the jury to impose a 40–year prison sentence." *Hicks*, 447 U.S. at 346, 100 S.Ct. at 2229.

Although we find the state's argument unpersuasive, we agree with the district court that Payton failed to sufficiently establish a need for an evidentiary hearing. The *sole* basis for his argument is the fact that the trial judge failed to include the phrase "without benefit of parole, probation, or suspension of sentence" in the court record documenting the sentence. Absent some evidence that the judge was *required* by state law to include the phrase in the record, or a statement by the judge indicating that he was unaware of the sentencing options, this fact alone simply fails to establish a genuine issue of fact.[1]

The judgment of the district court is AFFIRMED.

---

1. The state also argues that at best the trial judge could have been unaware only of the effect under state law of the imposed sentence, specifically the dates of parole eligibility, that this case does not present the issue of a sentence imposed by a judge unaware of his sentencing alternatives. This is a strong argument, but we rest our decision elsewhere and we do not reach the issue.