In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-2919

LUIS M. NARVAEZ,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 3:09-cv-00222-bbc—**Barbara B. Crabb**, *Judge.*

ARGUED DECEMBER 7, 2010—DECIDED JUNE 3, 2011

Before RIPPLE, KANNE and SYKES, *Circuit Judges.*

RIPPLE, *Circuit Judge.* In 2003, Luis Narvaez pleaded guilty to bank robbery, a violation of 18 U.S.C. § 2113(a). The district court sentenced Mr. Narvaez as a career offender under the United States Sentencing Guidelines § 4B1.1 because his record revealed two prior escape convictions involving failure to return to confinement, violations of Wisconsin Statute section 946.42(3)(a). Mr. Narvaez later filed a motion to vacate his sentence

under 28 U.S.C. § 2255(a); he asserted that application of the career offender enhancement was illegal in light of the Supreme Court's decisions in *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581 (2008), and *Chambers v. United States*, 555 U.S. 122, 129 S. Ct. 687 (2009). The district court denied Mr. Narvaez's motion; it ruled that *Begay* and *Chambers* did not apply retroactively to cases on collateral review. The court then granted him a certificate of appealability.[1]

We conclude that *Begay* and *Chambers* apply retroactively to Mr. Narvaez's case. Because Mr. Narvaez's career offender sentence was improper, his period of incarceration exceeds that permitted by law and constitutes a due process violation. He is therefore entitled to relief under § 2255. Accordingly, we reverse the judgment of the district court and remand for resentencing without the career offender enhancement. No other aspect of the sentence determination is to be disturbed.

# I

## BACKGROUND

In 2003, Mr. Narvaez pleaded guilty to bank robbery, a violation of 18 U.S.C. § 2113(a). The sentencing court designated him as a career offender, *see* U.S.S.G. § 4B1.1, based on two prior escape convictions, under Wisconsin

---

[1] The jurisdiction of the district court was based on 28 U.S.C. §§ 1331 and 2255 and 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).

Statute section 946.42(3)(a), that involved failing to return to confinement.[2] The sentencing court's application of the career offender enhancement increased the then-mandatory sentencing range for Mr. Narvaez from 100-125 months to 151-188 months.[3] The court sentenced Mr. Narvaez to 170 months' imprisonment—the midpoint of the enhanced guidelines range.

Five years later, in *Begay*, the Supreme Court clarified the definition of a violent felony under the Armed Career Criminal Act ("ACCA"). It held that driving under the influence of alcohol did not constitute a violent felony under the statute. 128 S. Ct. at 1588. The Court explained that the crimes listed in the ACCA "all typically involve purposeful, violent, and aggressive conduct." *Id.* at 1586 (internal quotation marks omitted). Therefore, the term "violent felony" applies only to crimes that are "roughly

---

[2] Under existing circuit precedent at the time of sentencing, Mr. Narvaez's felony escape convictions constituted "crime[s] of violence" within the meaning of the career offender guideline because they were held to "otherwise involve[] conduct that present[ed] a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2); *see United States v. Bryant*, 310 F.3d 550, 553-54 (7th Cir. 2002).

[3] As a career offender, Mr. Narvaez was assigned an offense level of 32. He received a three-level reduction for acceptance of responsibility, resulting in a total adjusted offense level of 29. Under the then-mandatory Sentencing Guidelines, pairing the offense level of 29 with a criminal history category of VI resulted in a guidelines range of 151-188 months.

similar, in kind as well as in degree of risk posed, to the examples [listed in the ACCA] themselves." *Id.* at 1585.[4]

In *Chambers*, the Court further explored the definition of a violent felony under the ACCA in the context of a conviction under an Illinois escape statute for failure to report for penal confinement, a statute similar to the Wisconsin law under which Mr. Narvaez was convicted. The Court held that the failure to report was a "passive" offense that did not inherently involve conduct presenting "a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B), and, therefore, "falls outside the scope of the ACCA's definition of 'violent felony.'" 129 S. Ct. at 691, 693.

Although *Begay* and *Chambers* specifically involved the ACCA, not the Sentencing Guidelines, we have recognized that the definition of a "violent felony" under the ACCA was "repeated verbatim" by the Sentencing Commission in defining a "crime of violence" in § 4B1.2 and that "[i]t would be inappropriate to treat identical texts differently just because of a different caption." *United States v.*

---

[4] Section 924(e)(2)(B) of Title 18 defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

*Templeton*, 543 F.3d 378, 380 (7th Cir. 2008); *see also United States v. Woods*, 576 F.3d 400, 403-04 (7th Cir. 2009) (noting that the language describing crimes of violence in § 924(e)(2)(B) of the ACCA and § 4B1.2 of the Sentencing Guidelines is identical and, therefore, interchangeable).[5]

On April 15, 2009, Mr. Narvaez filed a motion under 28 U.S.C. § 2255 to vacate his sentence.[6] He asserted that, in light of the Supreme Court's recent decisions in *Begay* and *Chambers*, his prior convictions for failure to return to confinement did not qualify as "crimes of violence" within the meaning of the career offender guideline. The district court dismissed Mr. Narvaez's § 2255 motion. In its view, *Begay* and *Chambers* did not apply retroactively

---

[5] Section 4B1.2(a) provides in pertinent part that "[t]he term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

[6] Section 2255(a) of Title 28 provides that a federal prisoner may claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [and] may move the court which imposed the sentence to vacate, set aside or correct the sentence."

to cases on collateral review. The court nevertheless granted Mr. Narvaez a certificate of appealability.

The Government now concedes that *Begay* and *Chambers* decided questions of substantive statutory construction and that they apply retroactively on collateral review. The Government further concedes that, after *Begay* and *Chambers*, Mr. Narvaez's prior escape convictions for failure to return to confinement do not constitute crimes of violence under the career offender guideline. Nevertheless, the Government argues that Mr. Narvaez did not satisfy the requirement for the granting of a certificate of appealability because the certificate does not identify a substantial constitutional question, as required by 28 U.S.C. § 2253(c)(2). The Government also argues that Mr. Narvaez is not entitled to relief on his due process claim.

## II

## DISCUSSION

### A.

The parties agree that Mr. Narvaez's motion under § 2255 was timely and that Mr. Narvaez is not a career offender in light of *Begay* and *Chambers* because both cases apply retroactively to Mr. Narvaez's conviction.

We agree that the motion is timely. Section 2255(f)(3) of Title 28 provides that a motion is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review." There is no dispute that the right asserted by Mr. Narvaez—the right not to receive an enhanced sentence based on an incorrect understanding of the term "crime of violence"—was recognized by the Supreme Court in *Begay* and *Chambers*. Mr. Narvaez filed his motion within one year of both the *Begay* and *Chambers* decisions.

We also agree that, in these circumstances, the *Begay* and *Chambers* decisions apply retroactively on collateral review. *See Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010). In *Welch*, we ultimately held that the petitioner's sentence "was imposed in accordance with governing legal principles" because his "prior conviction for the Illinois offense of aggravated fleeing or attempting to elude a police officer was properly treated as a 'violent felony' under the ACCA." *Id.* at 429. We recognized nevertheless that the ACCA career offender enhancement adds five years of imprisonment that the law otherwise would not impose. We held, therefore, that "[s]uch an increase in punishment is certainly a substantive liability" that should be retroactively applicable on collateral review. *Id.* at 415. We have no reason to believe that *Chambers* requires a different analysis. Indeed, in *Welch*, we noted that the Tenth Circuit recently had held that *Chambers* was retroactively applicable on collateral review. *See id.* at 413-14; *see also United States v. Shipp*, 589 F.3d 1084, 1089, 1091 (10th Cir. 2009) (holding that *Chambers* articulated "a substantive rule of statutory interpretation" because a defendant who "does not constitute an 'armed career criminal' . . . [has] received a punishment that the law cannot impose upon him." (internal quotation marks omitted)). *Chambers*,

like *Begay*, falls within the class of substantive decisions that "prohibit[] a certain category of punishment for a class of defendants because of their status or offense." *O'Dell v. Netherland*, 521 U.S. 151, 157 (1997) (internal quotation marks omitted).

**B.**

**1.**

We turn now to the Government's argument regarding the certificate of appealability. One of the requirements for obtaining a certificate of appealability is: An applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, in this context, a substantial showing requires "a demonstration that . . . reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

In this case, the certificate of appealability raises a claim that Mr. Narvaez's illegal designation as a career offender resulted in an increase in his term of imprisonment that deprived him of liberty without due process of law. Relying upon precedent that subsequently has been overruled by *Begay* and *Chambers*, the sentencing court concluded, understandably, that Mr. Narvaez's two prior violent felonies made him a career offender and accordingly applied the sentencing enhancement. Consequently,

Mr. Narvaez was made eligible for five additional years of incarceration without *any* justification in the sentencing scheme established by law. The Constitution grants sentencing courts "wide discretion in determining what sentence to impose." *United States v. Tucker*, 404 U.S. 443, 446 (1972). It is well-established, however, that the Due Process Clause applies to certain aspects of the sentencing process. *See Hicks v. Oklahoma*, 447 U.S. 343, 347 (1980) (recognizing a due process violation at sentencing when the defendant was deprived of the jury's discretion to impose a lower sentence than the maximum); *Gardner v. Florida*, 430 U.S. 349, 358 (1977) (plurality opinion) (noting, in a capital case, that "sentencing is a critical stage of the criminal proceeding" and, therefore, "the sentencing process . . . must satisfy the requirements of the Due Process Clause"). Therefore, Mr. Narvaez has a "constitutional right to be deprived of liberty as punishment for criminal conduct only to the extent authorized by Congress." *Whalen v. United States*, 445 U.S. 684, 690 (1980). Certainly, as the district court acknowledged, "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484.

## 2.

We have recognized that sentencing errors are generally not cognizable on collateral review. *See Scott v. United States*, 997 F.2d 340, 342-43 (7th Cir. 1993). Mr. Narvaez's

case, however, does not come within this general rule.[7] It presents a special and very narrow exception: A post-conviction change in the law has rendered the sentencing court's decision unlawful. *See Welch*, 604 F.3d at 412–13 (recognizing that relief is available "where a change in law reduces the defendant's statutory maximum sentence below the imposed sentence"). In *Begay* and *Chambers*, the Supreme Court resolved an open question regarding the kinds of crimes that fall within the meaning of "violent felony" under the ACCA, and, by implication, the career offender guideline. *See Templeton*, 543 F.3d at 380. The Court's pronouncements did not simply constitute an "intervening change in the law" in the traditional sense. Rather, the decisions make clear that, at the time of his sentencing, Mr. Narvaez did not qualify as a career offender under the guidelines. An additional five years of incarceration was imposed upon him without *any*

---

[7] We have recognized that § 2255 relief "is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks omitted). Mr. Narvaez's argument in this appeal is based on two of these statutory grounds. First, he asserts that he is entitled to § 2255 relief because the sentencing court's application of the career offender enhancement resulted in a complete miscarriage of justice. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979). Second, Mr. Narvaez submits that he is entitled to § 2255 relief because the sentencing court's error amounted to a violation of his due process rights. As our analysis makes clear, both aspects of the statute are implicated by Mr. Narvaez's claim.

legal justification. Such gratuitous infliction of punishment is a fundamental defect in the court's judgment that clearly constitutes a complete miscarriage of justice and a violation of due process.

Our earlier holdings not only support, but compel, this result. We have recognized that, when a petitioner is convicted and is sentenced for an act that the law does not make criminal and when the defendant has not had a reasonable opportunity to obtain judicial correction of the fundamental defect, the defendant may be entitled to collateral relief. *See In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998).[8] Resting our analysis upon *Davis v. United States*, 417 U.S. 333 (1974), we recognized that such "arguments go to the fundamental legality of [the petitioner's] sentence[]." *Davenport*, 147 F.3d at 609 (citing *Davis*, 417 U.S. at 346). Indeed, in *Davis*, the petitioner sought § 2255 relief after a subsequent interpretation of the statute under which he was convicted established

---

[8] In *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), a federal prisoner filed a motion to vacate, in which he claimed that his conviction under 18 U.S.C. § 924(c) for "use" of a firearm during the commission of a drug offense was illegal in light of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995). In *Bailey*, the Court resolved an open question regarding the definition of the term "use" in the statute, holding that "use" of a firearm requires more than "mere possession." 516 U.S. at 143. We held in *Davenport* that, in light of the Court's *Bailey* decision, the prisoner was "being held in prison for a nonexistent crime," and, therefore, may be entitled to collateral relief based upon his *Bailey* claim. 147 F.3d at 610.

that his conviction was "for an act that the law does not make criminal." 417 U.S. at 346. The Supreme Court held that "[t]here can be no room for doubt that such a circumstance 'inherently results in a complete miscarriage of justice.'" *Id.* at 346–47.[9]

The Government submits, however, that the sentencing court's error in this case does not warrant § 2255 relief. Unlike the situation under the ACCA, Mr. Narvaez's 170-month sentence was actually within the authorized 20-year statutory maximum for his crime. Therefore, the Government reasons that, because Mr. Narvaez would be exposed to the full range of punishment authorized by Congress for his crime at resentencing, and would remain eligible for the identical 170-month sentence under the advisory guidelines, his claim does not present a fundamental defect.

We cannot accept this argument. The fact that Mr. Narvaez's sentence falls below the applicable statutory-maximum sentence is not alone determinative of whether a miscarriage of justice has occurred. The sentencing court's misapplication of the then-*mandatory* § 4B1.1 enhancement in Mr. Narvaez's case was *central* to its guidelines calculation. Nothing in the record indicates that

---

[9] *See also Young v. United States*, 124 F.3d 794, 796 (7th Cir. 1997) ("If a legal development after the conviction shows that the conviction and punishment are for an act that the law does not make criminal, the [§ 2255] standard is satisfied: the change of law shows why the claim could not have been made earlier, and imprisonment for a non-crime is a miscarriage of justice." (internal quotation marks and citation omitted)).

the court would have sentenced Mr. Narvaez to five additional years of incarceration had the judge not been under the legal misapprehension, shared by the rest of the circuit, that Mr. Narvaez was a career offender and that the corresponding guidelines required such an enhancement. The application of the career offender provision increased the sentencing range for Mr. Narvaez. Speculation that the district court today might impose the same sentence is not enough to overcome the fact that, at the time of his initial sentencing, Mr. Narvaez was sentenced based upon the equivalent of a nonexistent offense. This error clearly constitutes a miscarriage of justice and a due process violation.

The Government is correct that Mr. Narvaez does not have an absolute right to a lower sentence. Nevertheless, he does have an absolute right not to have extra punishment imposed on the basis of an inapplicable enhancement. Due process requires that Mr. Narvaez be deprived of his liberty only to the extent determined by an exercise of the sentencing court's discretion, cabined by the applicable statutory criteria. *See Hicks*, 447 U.S. at 346-47 (finding a due process violation when a defendant was sentenced to the maximum term authorized by state law after the sentencing jury was prevented erroneously from exercising the discretion permitted under state law to impose a lower sentence); *see also Prater v. Maggio*, 686 F.2d 346, 350 n.8 (5th Cir. 1982) (noting that the *Hicks*

rule "is not . . . limited to imposition of sentences by *juries*" (emphasis in original)).[10]

A recidivist enhancement both illegally increased Mr. Narvaez's sentence five years beyond that authorized by the sentencing scheme and also prevented the sentencing court from determining, as a matter of discretion, whether a lesser sentence was warranted. Therefore, Mr. Narvaez's claim, like the *Bailey* claim raised by the petitioner in *Davenport,* asserts an error that violates the essence of due process—fundamental fairness—and entitles him to collateral relief.

## Conclusion

The judgment of the district court denying Mr. Narvaez's motion for relief under § 2255 is reversed and remanded. On remand, the district court is to impose the sentence

---

[10] The Government submits that the application of the due process sentencing rule announced in *Hicks v. Oklahoma*, 447 U.S. 343 (1980), to Mr. Narvaez's case is barred by the Supreme Court's holding in *Teague v. Lane*, 489 U.S. 288 (1989), which prohibits the retroactive application of "[n]ew procedural rules that are established after a conviction has become final." *Welch v. United States*, 604 F.3d 408, 413 (7th Cir. 2010). We disagree with the Government's assertion that Mr. Narvaez's case requires a novel extension of the Court's holding in *Hicks*. We believe that a fair reading of *Hicks* supports Mr. Narvaez's assertion that due process is violated when the sentencer, in this case the sentencing judge, is prevented erroneously from exercising its full discretion to impose a lesser sentence.

applicable without the career offender enhancement. No other aspect of the sentence is to be revisited.

REVERSED AND REMANDED
WITH INSTRUCTIONS