GUIDRY, Justice,
additionally concurs and assigns reasons.
| -¡While I subscribe to the majority opinion’s holding that. State v. Jackson, 450 So.2d 621 (La. 1984), should not be extended to allow the jury to be informed regarding potential mandatory minimum sentences under the Habitual Offender Law, I would go further and reverse Jackson and its earlier iteration in State v. Milby, 345 So. 2d 18 (La. 1977). In my view, the court in State v. Harris, 258 La. 720, 247 So.2d 847 (1971), having examined the meaning of “the law applicable to the case” to determine whether sentencing falls within the scope of La. Code Crim. Proc. 774 and 802, correctly stated the law: when the penalty is the responsibility of the judge alone, the sentencing law is an improper subject for disclosure to the jury. Harris, 258 La. at 731, 247 So.2d at 855. Though the court on rehearing in State v. Blackwell, 298 So.2d 798 (La. 1974), reaffirmed Harris, it subsequently began to go astray in State v. Prater, 337 So.2d 1107 (La. 1976), albeit reaching the correct result in that case, and ultimately departed from strict application of the law in Milby and later Jackson, when neither the constitution nor statutory law regarding the role of. the jury in non-capital cases had changed. I would thus apply the law as written, and return to the rule as articulated in Harris-. Aside from capital cases, it is the duty of the jury to determine the guilt or innocence of the accused based on the evidence adduced, and in the event of conviction, it is the duty of the judge, and not the jury, to impose sentence. Because affixing the | ¿punishment for conviction is solely within the province of the judge, it is of no concern to the jury, and therefore should not be disclosed to the jury whether in the judge’s charge or counsel’s argument. See Harris, 258 La. at 731, 247 So.2d at 855.