452 So.2d 776 (1984)
STATE of Louisiana
v.
C.J. JACKSON.
No. KA-1481.
Court of Appeal of Louisiana, Fourth Circuit.
June 11, 1984.
*777 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Beryl M. McSmith, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Stephen P. Bruno, Bruno & Bruno, New Orleans, for defendant-appellant.
Before REDMANN, C.J., and AUGUSTINE and WILLIAMS, JJ.
AUGUSTINE, Judge.
On the night of March 7, 1983, while on routine patrol in the vicinity of a New Orleans housing project, Officers Rattler and Singleton of the New Orleans Police Department observed a young man riding a bicycle in front of their unmarked automobile. They stopped him, patted him down, and recovered a .22 caliber pistol from his right rear pocket. A computer check disclosed that the arrestee, C.J. Jackson, had been convicted of a felony. Thereafter, the defendant was formally charged under La. R.S. 14:95.1, relative to possession of a firearm by a convicted felon.
At Jackson's trial, a jury of twelve convicted the defendant of attempted possession of a firearm, whereupon the court sentenced Jackson to serve eighteen *778 months at hard labor and ordered him to pay a fine of $500.00.
By this appeal, Jackson challenges his conviction on the basis of two assignments of error.

FIRST ASSIGNMENT OF ERROR
The appellant contends that the weapon seized at the time of his arrest should have been suppressed in accordance with his pretrial motion because Officers Rattler and Singleton had no reasonable grounds to believe that criminal activity was afoot prior to stopping him. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Scott, 412 So.2d 988 (La.1982); La.C.Cr.Pro. Art. 215.1.[1]
At the hearing of the motion to suppress evidence and at trial on the merits, Officer Rattler testified that as Jackson rode his bicycle in the beam of the police car's headlights on the night of March 7, he could see, from a distance of about ten feet, the imprint of what appeared to be a handgun in Jackson's right rear pocket. Rattler alerted his partner to this fact, and they stopped the defendant. The ensuing frisk of Jackson's pocket led to the seizure of a .22 caliber pistol.
Officers Singleton and Rattler admitted in testimony that the defendant, insofar as he was merely riding a bicycle, was engaged in purely innocent behavior.
On the basis of that admission, the defendant contends that the officers had no articulable reason to suspect him of criminal conduct, and therefore, no grounds for a stop and frisk. Defendant Jackson also insists that the officers could not have been able to determine whether the imprint which they saw in Jackson's pocket was that of a gun. By this second argument, defendant asks this court to reverse his conviction on the basis of an erroneous factual determination by the trial judge. We shall address this point first.
It is a cardinal principle of criminal appellate review that a district court's pretrial findings of fact involving the credibility of witnesses are entitled to great weight and will not be disturbed in the absence of a clear abuse of discretion. State v. Yarbrough, 418 So.2d 503 (La.1982); State v. Robinson, 386 So.2d 1374 (La.1980); State v. Dunbar, 356 So.2d 956 (La.1978).
We find no such abuse of the trial court's discretion in this case. To overcome the Fourth Amendment challenge to the stop and frisk, it was sufficient for the State to prove that the officers entertained a reasonable suspicion that the imprint which they observed was that of a concealed gun. La.C.Cr.Pro. Art. 215.1.[2] Given that Jackson was in the police car's headlights at a distance of only ten feet, the trial court did not clearly err in finding that the officers believed they saw the imprint of a gun, nor did the court clearly err in finding that the officers' suspicions were reasonable.
What has been said thus far disposes of the appellant's first argument as well, *779 for if the officers had a reasonable belief that the defendant was in possession of a concealed weapon, it is immaterial that his behavior was innocent in all other respectsit is a crime to carry a concealed weapon, La.R.S. 14:95, and upon being reasonably suspected of that crime, the defendant was subject to a legal stop and frisk. La.C.Cr.Pro. Art. 215.1.
We therefore find no merit to appellant's first assignment of error.

SECOND ASSIGNMENT OF ERROR
By this assignment, appellant contends that a new trial must be granted because the prosecutor, in closing argument, misstated the law concerning the defense of justification. It is alleged that the prosecutor erred in telling the jury that such a defense is not available to a convicted felon who possesses a firearm.
During trial on the merits, appellant's wife testified that on the morning of Jackson's arrest, she had walked their children to school, and that upon returning home, she discovered that someone had attempted to burglarize the Jackson residence; screws had been removed from an outer door. Appellants' wife testified that "they are always breaking in." Tr. 19.
Appellant's mother testified that later that night, Jackson came to her house to borrow her pistol in order to protect himself and his family against any further burglaries. Appellant contends that he was arrested shortly after leaving his mother's house with her gun.
We find no merit to appellant's second assignment of error. The only conceivable basis for justification in this case is provided by La.R.S. 14:18(7):
Justification; general provisions
The fact that an offender's conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct. This defense of justification can be claimed under the following circumstances:
. . . . .
(7) When the offender's conduct is in defense of persons or of property under any of the circumstances described in Articles 19 through 22.
Of the Articles referred to above, that which is most favorable to the defendant is Article 19:
The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide. (Emphasis added).
Assuming that the above provision does justify a convicted felon's use of a firearm to defend himself or his property against unprovoked force by another, the provision clearly has no application to the case at bar; for even if a finder of fact were to believe every particle of testimony offered to support the defense of justification, there has been no showing by the defendant that his possession of the firearm was necessary.
"Necessity", when raised as a defense to the illegal possession of a firearm, entails proof that the threat of force by another is imminent and apparent, and that the person threatened has no reasonable alternative but to possess the firearm.
Defendant's witnesses did not establish either the immediacy of a threat of force against his family home or the lack of reasonable alternatives to his possession of the handgun. We note, too, that Jackson did not possess the weapon while in his own home, but while riding a bicycle on a public street. His possession of the pistol at that time cannot have been necessary to the defense of his home and family.
Thus, assuming that the prosecutor erred in his remarks concerning the general *780 applicability of justification as a defense to R.S. 14:95.1, such error was harmless as a matter of law, justification was not an available defense in this case.
For the reasons assigned, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Art. 215.1. Temporary questioning of persons in public places; frisk and search for weapons.

A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
C. If the law enforcement officer finds a dangerous weapon, he may take and keep it until the completion of the questioning, at which time he shall either return it, if lawfully possessed, or arrest such person.
[2] It is axiomatic that reasonable cause for an investigatory stop is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Belton, 441 So.2d 1195 (La.1984); State v. Andrishok, 434 So.2d 389 (La.1983); State v. Chopin, 372 So.2d 1222 (La.1979).