MARVIN, Judge.
The defendant, a convicted felon, appeals his conviction by a jury of possession of a firearm and his sentence to five years at hard labor without benefit of probation, parole or suspension of sentence and a fine of $1,000 or an additional one year in jail. LRS 14:95.1. LSA-Const. Art. 1, § 20.
Defendant attempts to “justify” his possession of the firearm and contends that the evidence was not sufficient to convict. Alternatively, defendant contends that his sentence is unconstitutionally excessive.
We affirm.
FACTS
Defendant correctly states in his brief that there is “no question” about his having been previously convicted of the crime of burglary, a felony, or that he had a pistol in his back pocket when it was observed and then retrieved by a city policeman who knew of his felony conviction and arrested him on a city street at 10:30 a.m.
Defendant contends that while he “did have in his possession this .22 caliber revolver, it was not in his ‘possession’ as intended under Louisiana Revised Statute 14:95.1,” because he saw the pistol apparently abandoned in a ditch in the residential neighborhood where small children played and picked it up to avoid further risk to the children. Defendant explained that he picked up the gun, checked it and saw that it was partially loaded, and put it in his pocket only a moment before the policeman arrived and observed the pistol in his back pocket.
Defendant told the jury that he had “technically” violated the statute and that his reason for picking up the pistol was not a defense under the justification sections of the Criminal Code that excuse culpability (LRS 14:13-22). He argued that the consequences of his brief possession — the minimum sentence being three years at hard labor without PPS, plus the revocation of the suspension of his seven-year burglary sentence — did not warrant conviction or such severe mandatory punishment. Arguing for a verdict of not guilty, defendant appealed to the jury’s “sense of fair play ... justice and equity.”
THE LAW
LRS 14:95.1 makes it unlawful for any person who has been convicted of certain enumerated felonies, including burglary, to “possess a firearm or carry a concealed weapon.” The conduct proscribed is the physical possession of the firearm. The Legislature has not required that the felon possess the firearm knowingly or intentionally, as in the case of other possession crimes, e.g., those described in LRS Title 40. The possession of a firearm by a convicted felon must only be conduct that is voluntary or willed by the felon. LRS 14:7, 8 and Reporter’s Comments.
The Legislature has not stated any requirement about the duration of the proscribed possession. A temporary possession has been held to constitute possession proscribed by LRS 14:95.1 State v. Day, 410 So.2d 741 (La.1982). See also State v. Hills, 451 So.2d 1346 (La.App. 1st Cir. 1984), reversed on other grounds, 457 So.2d 1183 (La.1984).
Defendant correctly observes that the “justification” sections of the Criminal Code, LRS 14:13-22, do not legally excuse his culpability under the specific circumstances. Compare State v. Clement, 368 So.2d 1037 (La.1979); State v. Grant, 414 So.2d 373 (La.1982); State v. Jackson, 452 So.2d 776 (La.App. 4th Cir.1984). The possession of a firearm by a convicted felon might be justified in other circumstances where either self-defense or defense of others would be applicable under LRS 14:18-22. Even then the felon’s possession of a firearm must be of no longer duration than is necessary to successfully accomplish the defense. See State v. Blache, 480 So.2d 304 (La.1985).
It is immaterial whether or not the jury deemed the defendant credible. The evidence was sufficient to convict beyond a reasonable doubt. LRS 15:271; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 *301 L.Ed.2d 560 (1979). Defendant was a convicted felon who was proved to have possessed a firearm.
THE SENTENCE
The statute exposed defendant to a sentence of from three to ten years, without benefit of probation, parole, or suspension of sentence, and a mandatory fine of from $1,000 to $5,000. He contends his sentence is constitutionally excessive because his conduct was “humanitarian” and he did not use the gun.
A sentence within the statutory limits may be excessive and unconstitutional when it is found to be grossly disproportionate to the severity of the offense or purposeless infliction of punishment. CCrP Art. 894.1 provides guidelines to the trial and appellate courts for determining whether a sentence within the statutory limits is constitutionally excessive. State v. Bonanno, 384 So.2d 355 (La.1980).
Defendant, who was 29 years old when he was sentenced, has an extensive criminal record of arrests and convictions which began about a month after his 18th birthday in 1974. Besides the burglary, there are repeated arrests and convictions for disturbing the peace, as well as for simple battery, resisting arrest, and receiving stolen things. The PSI shows either no disposition or dismissals of other misdemeanor and felony charges. While on probation following his burglary conviction, defendant was convicted of several misdemeanors, one of which resulted in a six-month jail sentence for probation violation.
Because of defendant’s prior record, the trial court found defendant would be likely to commit another crime if a shorter sentence were imposed, and that he needed a custodial environment and correctional treatment that could be most effectively provided by his commitment to an institution. The court also found that any lesser sentence would depreciate the seriousness of the offense. The trial court stated that none of the mitigating factors under Art. 894.1 were applicable.
We agree that defendant did not use the gun or threaten to harm anyone, but observe that his sentence was less than the maximum sentence. Compare State v. Collins, 461 So.2d 384 (La.App. 4th Cir.1984). There, a defendant with fewer prior convictions (one felony and two misdemeanors) who was involved in an argument when he was arrested for possessing a gun, received the maximum sentence.
The statute mandates a sentence of at least three years without PPS and a fine of at least $1,000. Defendant’s sentence is minimal as to the fine and two years more than the minimum time. Defendant’s lengthy criminal record shows that he has not rehabilitated himself or learned to respect the law notwithstanding fines and short jail sentences for misdemeanor convictions and supervised probation and a suspended sentence for the prior felony. Under these circumstances, we cannot find defendant’s sentence is excessive.
DECREE
Defendant’s conviction and sentence are AFFIRMED.