PRESTON H. HUFFT, Judge Pro Tem.
The defendant, James H. Johnson, was charged by bill of information with the possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1. A jury found the defendant guilty as charged. The trial judge sentenced the defendant to ten years at hard labor without benefit of parole, probation or suspension of sentence. Defendant now appeals his conviction and sentence.
On October 20, 1987, at approximately 1:40 a.m., Officers Harold Lewis and Olivia Small of the New Orleans Police Department received a call from the police dispatcher concerning a complaint received by the police that a suspicious black male wearing a dark hooded sweatshirt or jacket and gloves was tampering with cars on Imperial Drive in New Orleans. The officers drove to that location, which is a high crime area, and initially did not see anyone fitting that description. However, after they circled the block and drove down that street again, they noticed the defendant who was wearing a dark shirt and a knit hat and gloves. The officers also noticed a bulge in the front of defendant’s shirt. Because the defendant closely matched the description received by the police dispatcher and because of the officers’ suspicion that the bulge in the front of defendant’s shirt was a weapon, the officers conducted an investigatory stop of the defendant.
When the officers stopped and frisked the defendant, they found a screwdriver under the front of his shirt and a loaded .22 caliber revolver in his back waistband. At that time, the defendant was placed under arrest for carrying a concealed weapon. A subsequent computer check revealed that the defendant had a prior conviction for aggravated rape and he was charged then with being a convicted felon in the possession of a firearm, a violation of LSA-R.S. 14:95.1.
The defendant testified that he was arrested as he was returning home after going to a friend’s home. Defendant claims that the pistol and screwdriver which the police recovered were not in his possession when the police stopped him.
On appeal, the defendant argues in his first assignment of error that the trial court erred in denying his motion to suppress the evidence. Defendant claims that this motion should have been granted because the police officers did not have probable cause to stop and search him.
The authorization for a temporary stop by a police officer of a person in a public place is set forth in LSA-C.Cr.P. art 215.1 which provides in part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
In this case, the officers did not observe the defendant tampering with cars; therefore, the information given to the police dispatcher was not corroborated by the police officers at the scene. However, the stop and frisk of the defendant was justified in this case because the police officers had reasonable suspicion that the bulge in the front of defendant’s shirt was a weapon. State v. Sherry, 482 So.2d 78 (La.App. 4th Cir.1986); writ denied, 487 So.2d 436 (La.1986); State v. Jackson, 452 So.2d 776 (La.App. 4th Cir.1984). Furthermore, as in State v. Jackson, supra, the fact that defendant’s behavior was innocent in all other respects is immaterial because it is a crime to carry a concealed weapon and upon being reasonably suspected of that crime, the defendant was subject to a legal stop and frisk. Even though the bulge in the front of defendant’s shirt turned out to be a *914 screwdriver, the police officers were reasonable in their belief that the bulge could have been a weapon and the gun discovered in their search of defendant conducted on the basis of that reasonable belief was properly admitted into evidence.
Therefore, because the trial judge properly denied defendant’s motion to suppress the evidence, this assignment of error is without merit.
In the second assignment of error, the defendant argues that the trial court erred in allowing the introduction of the penitentiary packet through Officer William Sable because Officer Sable was not the custodian of these records and, therefore, could not testify as to their authenticity. LSA-R.S. 15:457, in effect at the time of trial, provided that:
“A copy of a document, certified to by the officer who is the legal custodian of the same is equivalent to the original in authenticity; but the certificate of an officer to any matter not under the general powers vested in him is no evidence at all.”
In this case, the documents in question contained a certification by the custodian of records that the documents are true and exact copies of the originals thereby fully complying with the certification requirement. See State v. Blackwell, 377 So.2d 110 (La.1979). This assignment of error is without merit.
 In the third assignment of error, the defendant argues that the trial court erred in allowing improper closing arguments by the prosecutor. Defendant’s complaint is based on the following remarks by the prosecutor:
“The defendant’s trying to get you to believe that the police officers planted this gun and stuff on him. Now, that doesn’t make sense. These police officers would be risking their job, their livelihood to convict this man, what for? No reason.”
It should initially be noted that no contemporaneous objection was raised as to these remarks at trial. Therefore, the defendant waived his right to raise this issue on appeal. However, even if defendant had timely objected to these remarks thereby reserving his right on appeal to claim that these remarks were prejudicial, his argument would have no merit because the defense presented at trial was that the police planted the gun on the defendant. Therefore, because the credibility of the officers was a crucial factor in that defense theory, the remarks in question regarding possible repercussions that the officers would suffer by such actions were appropriate comments in response to the allegations raised by the defense.
This assignment of error is without merit.
In the fourth assignment of error, the defendant argues that the trial court erred by commenting on the evidence as prohibited by LSA-C.Cr.P. art 772. According to the defendant, the trial judge’s alleged comment during the closing arguments created the impression that the trial judge was “siding” with the prosecution.
Although defense counsel does not specify the allegedly inappropriate comment by the trial judge, it appears from the transcript that defense counsel is referring to the trial judge’s sustaining of the State’s objection to the defendant’s trial attorney’s reference to the well-publicized killings in Algiers following the death of a police officer. The defense counsel made these remarks following the State’s remarks about which defendant complained in assignment of error three. When the defense attorney persisted in referring to the Algiers incident after the State’s objection had been sustained, the trial judge reprimanded defense counsel.
Clearly, these remarks by the defense attorney during closing argument were outside the evidence of this case and improper. As such, the trial judge’s ruling on the State’s objection to these comments and his reprimand of defense counsel when he continued to pursue this argument were appropriate and did not result in a comment on the evidence by the trial judge.
Finally, the defendant argues that the trial court failed to comply with the *915 requirements of LSA-C.Cr.P. art. 894.1 in sentencing him. LSA-C.Cr.P. art. 894.1 requires that the trial judge state for the record the factors taken into account and the factual basis for the sentence. The trial judge gave the following reasons for the sentence imposed:
This defendant stands convicted by jury of the crime of being a convicted felon in possession of a firearm. The Court has considered sentence in accordance with Code of Criminal Procedure Article 894.1 and finds as follows: The defendant is 32 years old, single, and unemployed. He was arrested on October 20, 1987 when police officers responded to a prowler call and noticed him in the area at 1:30 a.m. with a bulge in his shirt. Upon frisking the defendant, officers removed a large screwdriver from under his shirt, and a .22 caliber pistol from the back waistband of his pants. A check of criminal records indicated that the defendant was indicted by a grand jury in 1975 for aggravated rape. He was found guilty in 1976 of forcible rape[1] and sentenced to serve twenty (20) years at hard labor. It is apparent that this defendant has not profited from his stay in the penitentiary and will all — in all likelihood commit additional crimes if permitted to continue his lawless ways. The Court has considered the factors enumerated in Article 894. IB of the Code of Criminal Procedure and finds nothing mitigating in this case.
We find that the foregoing remarks comply with the requirements of LSA-C.Cr.P. art. 894.1 and even if they did not, the record in this case would fully support the sentencing choice. State v. Smith, 430 So.2d 31 (La.1983). The defendant in this case was found in possession of a gun within a year of his release for a conviction of a very serious crime. In light of these facts, the trial court did not err in giving defendant the maximum sentence possible of ten years at hard labor.
For the reasons stated above, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The exhibits filed in this case, which include records from the Louisiana Department of Public Safety and Corrections, indicate that the defendant was convicted in 1976 of aggravated rape and not forcible rape as stated by the trial judge in his sentencing reasons.