581 So.2d 337 (1991)
STATE of Louisiana
v.
Gloria G. HALL a/k/a Anna Williams.
No. Cr 90-949.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1991.
Ralph Kennedy, Alexandria, for defendant-appellant.
James Buck, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and GUIDRY and LABORDE, JJ.
DOMENGEAUX, Chief Judge.
Gloria Hall, a/k/a Anna Williams, was charged with possession of Pentazocine, a violation of La.R.S. 40:967 C(1). She filed a motion to suppress which, after contradictory hearing, was denied. Defendant then pleaded guilty to possession of a Schedule II controlled dangerous substance, reserving her right to appeal under *338 State v. Crosby, 338 So.2d 584 (La.1976). Defendant assigns one error.

FACTS
On October 17, 1986 at approximately 4:07 a.m., Officer John Parker of the Alexandria Police Department was dispatched to the corner of Ninth and Lee Streets "in reference to some subjects standing on the street corner." Officer Parker testified he regularly investigated shootings and fights in that area.
Upon arrival, he observed three unidentified individuals standing on the street corner. He also observed that no nearby businesses were open. Officer Parker approached the three subjects, told them he only wanted to ask a few questions, and asked them to fill out a "field interview form," which he stated was a standard procedure. According to the officer, they all "pretty much agreed to it." Because he was alone, in the presence of three unknown individuals, and in a high crime area in the early morning hours, Officer Parker decided to pat down the subjects before he conducted the interviews. As he started to pat one of the others down, he noticed the defendant kept placing her hand in her left pocket and was "sort of evading him" by stepping away. The officer became nervous and patted the defendant down to check "for a gun or something." He stated he felt a hard object in her pocket, which he later identified as four hypodermic needles. The officer removed the needles, advised the defendant of her rights, and placed her under arrest.

ASSIGNMENT OF ERROR
Defendant argues her motion to suppress was erroneously denied because there was no probable cause for the officer to arrest or search her.
We find no merit to this assignment of error. The probable cause standard does not govern the police conduct in the instant case. Officer Parker was justified in searching the defendant under La.C.Cr.P. art. 215.1, which requires only that the officer reasonably suspect the subject is committing, has committed, or is about to commit an offense.
La.C.Cr.P. art. 215.1 more particularly provides, in pertinent part:
Art. 215.1 Temporary questioning of persons in public places; frisk and search for weapons
A. A law enforcement officer may stop a person in a public place who he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and explanation of his actions.
B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
Clearly, the police officer in the instant case had the authority to question the defendant and her companions upon their consent. The police have the right to engage anyone in conversation, even without reasonable grounds to believe they have committed a crime. State v. Duplessis, 391 So.2d 1116 (La.1980); State v. Neyrey, 383 So.2d 1222 (La.1979). As long as the person questioned remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would require some particularized and objective justification under the Fourth Amendment. U.S. v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980).
However, when the officer decided to pat down the defendant, the "questioning phase" ended and the incident became a stop. It is axiomatic that reasonable cause for an investigatory stop is something less than probable cause. The totality of the circumstances, "the whole picture," must be considered in determining whether reasonable cause exists. Although flight, nervousness, or a startled look at the sight of a police officer is, by itself, insufficient to justify an investigatory stop, this type of conduct may be highly *339 suspicious and, therefore, may be one of the factors leading to a finding of reasonable cause. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
After reviewing the totality of the circumstances presented herein, we find the stop and frisk of the defendant was justified. The officer was confronted with three unknown persons in an area with a high incidence of violent crime. With all nearby businesses closed, there was no apparent explanation for the defendant's early morning presence in the area. The defendant appeared to be "evading" the officer by stepping away. Added to this suspicious conduct, the defendant reached into her pocket, apparently to retrieve an unknown object. At that point, given the circumstances discussed above, the officer had reasonable suspicion that the defendant was reaching for a weapon. Under article 215.1, he was then authorized to stop and frisk the defendant.
The pertinent facts which support our finding of reasonable cause are the defendant's unexplained presence in a high crime area, her evasive conduct and her reaching into her pocket possibly to retrieve an unknown object. The cases cited by the defendant do not present similar circumstances. In State v. Lanter, 391 So.2d 1152 (La.1980), there was no indication that the officers involved were in any danger where the defendant, who was not suspected of any criminal activity, voluntarily accompanied the officers from a well-known tourist area in New Orleans. In State v. Thibodeaux, 531 So.2d 284 (La.App. 3d Cir. 1987), the arresting officer seized a black calculator pouch containing cocaine from the defendant. This court held the officer did not have reasonable cause for an investigatory stop because the calculator case was visible in the defendant's hand, and the officer gave no reason why he should believe that the small case contained either a weapon or contraband.
We find the instant case is governed by State v. Johnson, 559 So.2d 911 (La.App. 4th Cir.1990). In Johnson, the police received information about a suspect tampering with cars in a high crime area in New Orleans. The officers arrived at the location, circled the block and noticed the defendant, a man who fit the description in the complaint. The officers also noticed a bulge in the front of the defendant's shirt. Because the defendant closely matched the description received by the police and because of the officers' suspicion that the bulge in the front of defendant's shirt was a weapon, the officers frisked the defendant and found a screwdriver in the front of his shirt and a loaded .22 caliber revolver in his back waistband. The defendant was placed under arrest for carrying a concealed weapon. The court applied article 215.1 to uphold the stop because of the officers' reasonable suspicion that the bulge in front of the defendant's shirt was a weapon. In so holding, the court stated:
In this case, the officers did not observe the defendant tampering with cars; therefore, the information given to the police dispatcher was not corroborated by the police officers at the scene. However, the stop and frisk of the defendant was justified in this case because the police officers had reasonable suspicion that the bulge in front of the defendant's shirt was a weapon. (Citations omitted). Furthermore, as in State v. Jackson, supra [452 So.2d 776 (La.App. 1984)], the fact that the defendant's behavior was innocent in all other respects is immaterial because it is a crime to carry a concealed weapon and upon being reasonably suspected of that crime, the defendant was subject to a legal stop and frisk. Even though the bulge in the front of the defendant's shirt turned out to be a screwdriver, the police officers were reasonable in their belief that the bulge could have been a weapon and the gun discovered in their search of defendant conducted on the basis of that reasonable belief was properly admitted into evidence. (Emphasis added).
559 So.2d at 913, 914.
The officers in Johnson observed a bulge in the defendant's shirt; Officer Parker observed Hall place her hands in her pockets under suspicious circumstances. Both *340 situations gave rise to a reasonable belief that the defendants were carrying concealed weapons. Given the complete picture presented here, it seems clear that this case falls within the ambit of article 215.1.
For the above and foregoing reasons, the conviction of the defendant is affirmed.
AFFIRMED.