PLOTKIN, Judge.
hWe grant this application to consider whether the Appellate Division erred in ordering the trial court to consider whether justification was proved as a defense to a charge of possession of a concealed weapon. Finding that the defense of justification cannot be established under the circumstances of this case, we reverse and remand to the Appellate Division for consideration of the remainder of the merits of Smith’s appeal.
On June 19, 1995, Darren Smith was charged by bill of information with possession of a firearm by a convicted felon in violation of La.R.S. 14:95.1. On the morning of trial, the State amended the bill to charge Smith with possession of a concealed firearm in violation of La.R.S. 14:95. Smith pleaded not guilty to the amended bill. Following trial by judge on November 21, 1995, he was found guilty as charged and sentenced to serve six months in parish prison. Smith appealed to the Appellate Division of Orleans Parish Criminal District Court. The Appellate Division remanded the case to the trial judge to consider whether Smith had proved the defense of justification at trial. The State by writ application asks this Court to reverse the Appellate Division’s decision to remand.
| ¾At trial, Mr. Ian Frazier testified that on March 24, 1995, he was going to pick up his paycheck at Coastal Cargo’s hiring center when he saw Darren Smith inside. When he called for help from an officer of the Harbor Police, Smith exited the office and approached with a handgun that he drew from under his shirt. Previously, he and Smith had argued and fought and, on May 17, 1995, Smith had stabbed him. Frazier conceded that he ordinarily kept a gun in his car and that on March 24, 1995, he was armed because Smith had threatened him. He denied threatening Smith. Frazier identified Smith in court.
Sergeant Alvin Tureaud of the Port of New Orleans Harbor Police testified that he was working private detail at'Coastal Cargo on March 24, 1995, when there was a disturbance outside the hiring center. He saw Smith pointing a handgun at Frazier’s head; Frazier had his hand on a revolver inside his pants. He did not see Smith draw the weapon. After disarming Smith and Frazier, he called Officer Bryan Tumlin for assistance. Frazier’s revolver was loaded but there was no round in the chamber. Sergeant Tureaud identified Smith in court.
Officer Byron Tumlin of the Port of New Orleans Harbor Police testified that he investigated an incident in the 4400 block of North Roman Street on March 24, 1995, and prepared a report from witness statements, in which he indicated that Frazier and Smith had pointed weapons at each other. Officer Tumlin identified his report.
Mr. Bobby Bridges testified that he saw Frazier and Smith argue in the morning of March 17, 1995. Frazier was stabbed in the neck later that day. Bridges did not see the stabbing. Bridges was not present at the March 24,1995 altercation.
Mr. Paul Essex testified that on March 17, 1995, he heard Frazier threatening Smith. Later that day when they went to cash their checks, Frazier attacked Smith and Smith defended himself. Essex did not see the knife; he |3assumed that Frazier received a neck wound by falling on a glass bottle. Frazier kept a gun in Ms trunk which he used to shoot rabbits at work. Essex was not present at the March 24,1995 altercation.
Defense counsel indicated that he would profer the testimony of William Turner who also observed the March 17, 1995 altercation *1011 between Frazier and Smith but who was not present at the March 24, 1995 altercation.
Darren Smith admitted that he has prior convictions for simple robbery and possession of marijuana. He said that on March 17, 1995, Frazier continuously threatened to kill him and his family. He had seen Frazier with a weapon. As a result, on March 24, 1995, he was carrying a weapon to protect himself from Frazier. When he picked up his check on that day, he looked out the window and saw Frazier with a firearm, whom he believed was waiting for him. He panicked and ran out toward Frazier who attempted to draw his weapon. He conceded that at the time he saw Frazier he was already carrying a weapon in his waistband under his shirt. He admitted that he stabbed Frazier after Frazier attacked him on May 17, 1995. He claimed that he dropped the knife during the fight and stabbed Frazier when they were both struggling to regain it.
Defense counsel attempted to elicit testimony from Sergeant Tureaud regarding Frazier’s appearance on May 24,1995; from Mr. Bridges regarding a prior incidence in which he saw Frazier discharge a weapon at work; the proffered testimony of William Turner; and testimony from the defendant regarding threats made against him by Frazier. The trial judge excluded the testimony of Turner as repetitive and curtailed the remainder of this testimony on the basis of relevancy finding that there was no justification defense to this charge of carrying a concealed weapon in violation of La. R.S. 14:95. Smith appealed this ruling to the Appellate Division contending that he was entitled to assert the justification |4defense at trial and that the State failed to disprove that he possessed the concealed weapon in self-defense.
On October 9, 1996, the Appellate Division remanded to the trial judge to consider whether the defense of justification was established at trial stating: ‘We are satisfied that State vs. Jackson, 452 So.2d 776 (La.App. 4th Cir.1984) establishes justification as a defense to a violation of L.R.S. 14:95.” The State applies for review contending that the Appellate Division erred in its interpretation of the Jackson decision, and the State asserts that the trial judge was correct in ruling that the justification defense was not fairly supported by the facts of this case.
In Jackson, supra at 779, in dicta, this Court wrote:
Assuming that the above provision does justify a convicted felon’s use of a firearm to defend himself or his property against unprovoked force by another, the provision clearly has no application to the ease at bar; for even if a finder of fact were to believe every particle of testimony offered to support the defense of justification, there has been no showing by the defendant that his possession of the firearm was necessary.
This language does not support the Appellate Division’s decision to remand this matter to the trial judge. In fact, in Jackson, supra at 779-80, this Court found as a matter of law that the justification defense was not available under the circumstances of that case, in which the defendant failed to establish the immediacy of a threat and the lack of reasonable alternatives to the possession of a handgun.
Although the Appellate Division erred in its interpretation of the Jackson decision, we believe the Division was correct in resorting to the jurisprudence arising under La.R.S. 14:95.1 to determine whether Smith was justified in violating La.R.S. 14:95. In the context of La.R.S. 14:95.1, the Louisiana Supreme Court in State v. Blache, 480 So.2d 304, 308 (La.1985), stated:
jsWe hold that when a felon is in imminent peril of great bodily harm, or reasonably believes himself or others to be in such danger, he may taken possession of a weapon for a period no longer than is necessary or apparently necessary to use it in self-defense, or in defense of others. In such situation justification is a defense to the charge of felon in possession of a firearm.
See also State v. Clement, 368 So.2d 1037, 1042-43 (La.1979); State v. Goldsmith, 519 So.2d 299, 300 (La.App. 2d Cir.1988) (“Even then the felon’s possession of a firearm must be of no longer duration than is necessary to successfully accomplish the defense.”). Un *1012 der this standard, the record shows that the trial judge was correct in finding that the defense of justification was not available to Smith.
On March 24, 1995, Smith was carrying a concealed weapon while he picked up his check inside Coastal Cargo’s hiring center when he saw Frazier outside. At the time he armed himself, he was not defending himself or in imminent peril of great bodily harm. Cf. State v. Jones, 539 So.2d 866, 868 (La.App. 4th Cir.), writ denied, 544 So.2d 396 (La.1989). When he noticed Frazier outside, Smith was inside the building and an off-duty officer of the Harbor Police, who was working private detail, was also present. Smith, however, unreasonably chose to exit the building and initiate an altercation with Frazier outside. ■ Under these circumstances, the trial judge was correct in finding that the justification defense could not apply.
For the foregoing reasons, the judgment remanding this matter to the trial judge is reversed and the matter is remanded to the Appellate Division for further consideration of Smith’s appeal.

WRIT GRANTED; REVERSED AND REMANDED.