734 So.2d 39 (1999)
STATE of Louisiana
v.
Charles THOMAS.
No. 98-KA-1024.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1999.
*40 Harry J. Morel, Jr., District Attorney, J. William Starr, Assistant District Attorney, Hahnville, Attorneys for Plaintiff/Appellee.
Mark A. Marino, Destrehan, Attorney for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD and THOMAS F. DALEY.
GOTHARD, Judge.
Defendant, Charles Thomas, pled guilty to possession of cocaine in violation of La. R.S. 40:967, reserving his right to appeal the denial of his motion to suppress, pursuant to State v. Crosby, 338 So.2d 584 (La.1976), and he was sentenced to eighteen months at hard labor, to be served concurrently with any time required to be served for violating parole. For the following reasons, we affirm the defendant's conviction and sentence.
*41 The following factual statement was developed from the evidence adduced at the suppression hearing.
On February 5, 1998, Sergeant Oubre and Detective Skip Cowlaski were patrolling the Boutte Projects in St. Charles Parish, an area of high crime and notorious for the distribution of crack cocaine and marijuana. As they were patrolling this area, the officers noticed the defendant standing on the sidewalk in front of 249 Boutte Projects. Sergeant Oubre testified that he recognized the defendant as an individual who had been frequently "interviewed" and "arrested" in the past. The officers drove up to the sidewalk, exited their vehicle and approached the defendant. Sergeant Oubre testified that he and Detective Cowlaski asked the defendant his name, and then ran it through the police computer. The computer check revealed that the defendant had an attachment from the Kenner Police Department. The officers advised the defendant of his Miranda rights and arrested him. Sergeant Oubre patted him down after he was arrested, but the pat down revealed no contraband. The defendant was then transported to the correctional facility.
As part of in-take booking at the correctional facility, Deputy Schouest patted down the defendant. The deputy testified that he also requested the defendant to remove his socks and shoes, and the defendant complied. Deputy Schouest testified that as the defendant was putting his socks back on, he saw a shiny piece of metal in defendant's hand, which the defendant appeared to drop into his pocket. Deputy Schouest testified that he patted the defendant down again, and found the piece of metal and a rock-like substance in the defendant's pocket. Sergeant Oubre testified that he was called to return to the prison and was given a rock of cocaine and a crack pipe. The defendant was subsequently arrested for possession of cocaine.
On appeal, the defendant alleges that the trial court erred in failing to grant his motion to suppress. He argues that his encounter with the police was an "investigatory stop", that the police lacked reasonable suspicion of criminal activity to justify this stop, and therefore the evidence ultimately recovered from his person after his arrest was the product of this unlawful stop.
The Fourth Amendment to the United States Constitution and Article 1, Section 5 of the Louisiana Constitution protect individuals from unreasonable searches and seizures. State v. Belton, 441 So.2d 1195, 1198 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). A person is "seized" within the meaning of the Fourth Amendment only when that person either submits to the police show of authority or is physically contacted by the police. California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). A person is seized within the meaning of Article 1, Section 5 of the Louisiana Constitution when that person is either "actually stopped" or when an "actual stop" of the person is "imminent." State v. Tucker, 626 So.2d 707 (La.1993); State v. Gibson, 97-1203 (La.App. 5 Cir. 3/25/98), 708 So.2d 1276. A person has not been "actually stopped" unless he submits to a police show of authority or is physically contacted by the police. An "actual stop" of the person is "imminent" only when the police come upon a person with such force that, regardless of the person's attempt to flee or elude the encounter, an actual stop of the person is virtually certain. Id.
The purpose of the Fourth Amendment, however, is not to eliminate all contact between the police and citizens. Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); State v. Belton, supra, 441 So.2d 1195, at 1199; State v. Johnson, 96-5, p. 3 (La.App. 5 Cir. 5/15/96), 675 So.2d 1175, 1177; State v. Vallee, 629 So.2d 1262, 1265 (La.App. 5 Cir.1993). Law enforcement officers enjoy the same liberty possessed by every citizen to address questions to other persons. *42 United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497; State v. Belton, supra. Officers do not need reasonable suspicion for an investigatory stop or probable cause to arrest each time they approach a citizen in a public place, because not all encounters between police and citizens involve a "seizure." State v. Britton, 93-1990 (La.1/27/94), 633 So.2d 1208, 1209; State v. Edwards, 630 So.2d 302, 304 (La.App. 5 Cir.1993). Mere communications between officers and citizens implicate no Fourth Amendment concerns where there is no coercion or detention. State v. Fisher, 97-1133 (La.9/9/98), 1998 WL 568738, 720 So.2d 1179.
In this matter, when the officers first approached the defendant, there was no "seizure" within the meaning of the Fourth Amendment.
Sergeant Oubre testified that he did not have any particular reason to believe that the defendant was committing a crime, and that his purpose in approaching the defendant, who was standing on the sidewalk, was to conduct a field interview of the defendant to "see what the defendant was doing in the area." According to Sergeant Oubre's uncontradicted testimony, no weapons had been drawn, the police unit's lights had not been activated and the defendant gave officers his name and date of birth upon request. Significantly, Sergeant Oubre did not pat down defendant until after the Kenner attachment was discovered. Nothing at the hearing on the motion to suppress indicated that the officers coerced the defendant or that he was not free to leave or walk away. We find that this encounter took place with the defendant's consent in a public place. State v. Duplessis, 391 So.2d 1116 (La. 1980); State v. Hall, 581 So.2d 337 (La. App. 3 Cir.1991).
Once the officers ascertained that there was an outstanding warrant for defendant, there was probable cause for his arrest and the subsequent warrantless search was proper.
We find no error in the trial court's denial of defendant's motion to suppress.
We have also reviewed the record for errors patent, according to La.-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990); and State v. Godejohn, 425 So.2d 750 (La.1983), and note the following.
A review of the record reflects that the defendant was not advised of the three-year time limit for filing an application for post-conviction relief as required by La. C.Cr.P. art. 930.8. The trial court is ordered to send written notice of the prescriptive period to the defendant within ten days of the rendering of this Court's opinion, and to file written proof in the record that defendant received such notice. See, State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.
We also note that while the transcript of sentencing reflects that the sentence is to be served concurrently with time required to be served for parole violations, the commitment does not so reflect. Where there are discrepancies between the transcript and minute entry or commitment, the transcript should prevail. State v. Lynch, 441 So.2d 732 (La.1983); State v. Haynes, 96-84, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1120, 1123. Accordingly, we further order that the commitment be amended to be consistent with the transcript, and to provide that defendant's sentence is concurrent to any sentences he is currently serving as a result of parole violations.
For the above discussed reasons, the defendant's conviction and sentence are affirmed. The matter is remanded to the district court for further action consistent with this opinion.
AFFIRMED AND REMANDED.