767 So.2d 56 (2000)
STATE of Louisiana
v.
Henry T. PRESS.
No. 99-KA-2222.
Court of Appeal of Louisiana, Fourth Circuit.
April 19, 2000.
*58 Harry F. Connick, District Attorney, Jane Louise Beebe, Assistant District Attorney, Orleans Parish, New Orleans, Louisiana, Counsel for Plaintiff/Appellee.
Sherry Watters, Louisiana Appellate Project, New Orleans, Louisiana, Counsel for Defendant/Appellant.
Court composed of Chief Judge ROBERT J. KLEES, Judge STEVEN R. PLOTKIN, Judge MICHAEL E. KIRBY.
KIRBY, Judge.
The defendant, Henry L. Press, was charged by bill of information on October 22, 1998, with possession of heroin, a violation of La. R.S. 40:966. At his arraignment on November 3, 1998, he pled not guilty. On November 9, 1998, the court denied the defendant's motion to suppress the evidence, and he changed his plea to guilty, reserving his rights under State v. Crosby, 338 So.2d 584 (La.1976). The court sentenced him under the provisions of La. R.S. 15:574.5 to serve four years at hard labor, with credit for time served, but without benefit of probation or suspension of sentence.

STATEMENT OF FACTS
While on routine patrol at approximately 3:30 p.m. on October 20, 1998, Officer Marcellus White, a liaison officer for the First District assigned to the Iberville Housing Development, observed the defendant standing in the 1400 block of Iberville Street. Because this area has a problem with non-residents of the development coming into the development to buy drugs, Officer White stated that he makes it a practice to get to know the residents of the area, asking them their names and addresses. If a person is in the development but is not a lessee, the officer verifies that the person has a visitor's pass. He did not recognize the defendant from the neighborhood. The defendant's nervous appearance and refusal to make eye contact drew the officer's attention. The defendant slipped into a hallway and out of Officer White's sight. Shortly thereafter, however, Officer White again spotted the defendant, this time in the 1300 block of Iberville Street. The officer exited his vehicle and asked the defendant if he lived in the development. The defendant told Officer White that he was visiting someone in the development. As the officer approached the defendant, the defendant took his hands out of his pockets, and as he did so, two small tin foil packets of heroin fell to the ground.[1]

ERRORS PATENT
A review for errors patent on the face of the record reveals none.

ASSIGNMENT OF ERROR
In a sole assignment of error, the defendant argues that the trial court erred by denying his motion to suppress the evidence. Specifically, the defendant maintains that he was unlawfully stopped by the police, making the seizure of the drugs the fruit of an unlawful stop.
Louisiana Code of Criminal Procedure article 215.1 provides for the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct. See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). However, an officer's right to make an investigatory stop of a particular individual must be based upon reasonable cause to believe that the suspect had been, is, or is about to be engaged in criminal conduct. La.C.Cr.P. art. 215.1.
*59 For purposes of an investigatory stop and detention for interrogation, "reasonable cause" is something less than probable cause and must be determined under the facts of each case considering whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Albert, 553 So.2d 967 (La.App. 4th Cir.1989). The totality of circumstances must be considered in determining whether or not reasonable cause exists. Further, to assess the reasonableness of an officer's conduct, it is necessary to balance the term of invasion against the need to search or seize. State v. Scott, 566 So.2d 394 (La.1990). Although flight, furtive gestures, nervousness, or startled behavior at the sight of a police officer, is, by itself, insufficient to justify an investigatory stop, this type of highly suspicious conduct may be a factor leading to a finding of reasonable cause. State v. Carver, 531 So.2d 551 (La.App. 5th Cir.1988).
In this case, Officer White's uncontradicted testimony was that he exited his vehicle and asked the defendant if he lived in the housing development. Officer White did not order the defendant to take his hands out of his pockets. As Officer White approached him, the defendant removed his hands from his pockets and the foil packets containing heroin fell to the ground.
As this Court stated in State v. Bentley, 97-1552, p. 8 (La.App. 4 Cir. 10/21/98), 728 So.2d 405, 410, writ denied, 98-3213 (La.5/7/99), 741 So.2d 27:
[I]t is well-settled that police officers do not need probable cause to arrest or reasonable suspicion for an investigatory stop every time they approach a citizen in public. State v. Britton, 93-1990 (La.1/27/94), 633 So.2d 1208, 1209. A person's liberty and privacy are not violated when a police officer attempts to talk with him as long as that individual is free to disregard the questioning and walk away. State v. Burns, 95-1500, p. 7 (La.App. 4 Cir. 6/5/96), 675 So.2d 1233, 1237. Only when an individual is actually stopped without reasonable cause, or if such a stop is imminent, are his rights infringed. Id. While the Fourth Amendment protects individuals from actual stops, La. Const. art. 1, § 5 also protects individuals from "imminent actual stops." State v. Tucker, 626 So.2d 707 (La.1993), opinion reinstated on rehearing by 626 So.2d 720 (La.1993).
Prior to the time that the heroin packets fell out of defendant's pockets as he removed his hands, Officer White had not actually stopped defendant, nor had he done anything to indicate that a stop was imminent. He had only asked him questions about his home address. Police officers enjoy the same liberty possessed by every citizen to address questions to other persons. State v. Thomas, 98-1024 (La. App. 5 Cir. 3/10/99), 734 So.2d 39. As the Second Circuit stated in State v. Haygood, 26,102 (La.App. 2 Cir. 8/17/94), 641 So.2d 1074, 1077, writ denied, 94-2373 (La.1/13/95), 648 So.2d 1337:
The mere fact that police approach and address a person does not compel that individual to respond to the inquiries or comply with the requests. Legally, nothing prevents him from choosing not to answer and leaving the scene. State v. Neyrey, 383 So.2d 1222 (La.1979); State v. Desormeaux, 569 So.2d 283 (La. App. 2d Cir.1990). Despite the fact that unsolicited assistance, unasked-for conversation, and unrequested advice are not always welcome, the Constitution provides no protection against such everyday annoyances whether caused by a policeman or an ordinary citizen. State v. Neyrey, supra. Mere police questioning does not constitute a seizure. Florida v. Bostick, [501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991)]supra; I.N.S. v. Delgado, 466 U.S. 210, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984).
In this case, no investigatory stop occurred. Because the heroin packets were abandoned by defendant before any unlawful intrusion into his right to freedom from *60 governmental interference, the contraband was lawfully seized. See State v. Britton, 93-1990 (La.1/27/94), 633 So.2d 1208. The trial judge correctly denied defendant's motion to suppress the evidence.
For these reasons, the trial court's judgment is affirmed.
AFFIRMED.
NOTES
[1] We note that the trial judge stated at the conclusion of the hearing that Officer White asked the defendant to take his hands out of his pockets. However, the transcript of Officer White's testimony does not indicate that he asked the defendant to take his hands out of his pockets. His testimony was that the defendant removed his hands from his pockets as the officer approached.