482 So.2d 78 (1986)
STATE of Louisiana
v.
James SHERRY.
No. KA-3529.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1986.
Writ Denied May 1, 1986.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Pamela S. Moran, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defenders Program, New Orleans, for appellant.
*79 Before GULOTTA, KLEES and LOBRANO, JJ.
GULOTTA, Judge.
James A. Sherry pled guilty[1] to a violation of LSA-R.S. 40:966, possession of marijuana with intent to distribute, and was sentenced one year at hard labor. Subsequent to a multiple bill hearing, Sherry's sentence was enhanced to three and a half years. We affirm.
Appealing, defendant contends the trial court erred in: 1) denying his motion to suppress and 2) adjudicating him a second offender.
Before turning to defendant's assignments of error, we have examined the record for errors patent and find that though the minute entry does not indicate whether or not defendant was present at arraignment, it does reflect his attorney was present and entered a plea of not guilty. Nonetheless, the record does indicate defendant's presence at the withdrawal of his plea of not guilty and his entering a guilty plea on a later date. Any irregularity in the arraignment is waived if the defendant either pleads guilty or goes to trial without objecting to the irregularity. See LSA-C.Cr.P. Art. 555. Because no objection was made in the instant case, we find no basis to set aside the conviction because of this error patent. State v. Dauzart, 461 So.2d 382 (La.App.4th Cir.1984).

ASSIGNMENT OF ERROR ONE
In connection with the motion to suppress, defendant argues the police officer's investigatory stop of him for carrying a knife was erroneously based on the officer's uncorroborated belief that defendant might commit some future criminal activity and not because he was committing or had committed a crime. According to Sherry, the knife taken from him by the arresting officer was not the type of weapon described in LSA-R.S. 14:95[2] and the officer therefore had no reasonable suspicion to stop him or probable cause to make an arrest.
Evidence adduced at the suppression hearing reveals that the arresting officer, while on duty in the French Quarter during the Mardi Gras season, was about 15 to 20 feet away from defendant when he observed what appeared to be the outline of a knife in the defendant's right front pocket. This prompted him to stop the defendant and conduct a "pat-down" search, which resulted in a seizure of a 4½ inch "block blade" knife and defendant's subsequent arrest for violation of LSA-R.S. 14:95, illegal carrying of weapons. Incident to the arrest, a search was conducted of Sherry which yielded 897 hand-rolled marijuana cigarettes and a large bag of loose marijuana contained in his jacket and backpack.
The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. Art. 215.1, as well as both State and Federal jurisprudence. State v. Belton, 441 So.2d 1195 (La.1983), rehearing denied January 6, 1984. See also Terry v. Ohio, 392 U.S. 1, 88 St.Ct. 1868, 20 L.Ed.2d 889 (1968). In determining whether reasonable cause for a detention exists, the detaining officer must have sufficient knowledge of facts and a consideration of the "totality of the circumstances" in order to justify an intrusion on an individual's right to be free from governmental interference. State v. Ossey, 446 So.2d 280 (La.1984); State v. Belton, supra. Accordingly, if there is a reasonable cause to believe that an individual has been, is, or is about to be engaged in criminal conduct, a right exists to make an investigatory stop and question the detained individual. State v. Ossey, supra.
When a lawful arrest is made for probable cause, a warrantless search incident *80 thereto of the person and the area in his immediate control is permissible. State v. Andrishok, 434 So.2d 389 (La.1983).
In the instant case, taking into account the French Quarter location and the Mardi Gras holiday period, the officer's observation of what appeared to be a concealed knife on Sherry gave him reasonable cause to believe that defendant had an illegal weapon in his possession, thus prompting the investigatory stop. See State v. Jackson, 452 So.2d 776 (La. App.4th Cir.1984). Furthermore, since the arresting officer was aware that the knife found on defendant was the type used to commit various crimes, there existed probable cause to arrest and conduct a search incident thereto. Accordingly, we cannot say the trial judge erred in denying the motion to suppress. We find no merit to this assignment.

ASSIGNMENT OF ERROR TWO
In the next assignment, defendant argues that the trial judge erred in adjudicating him a second offender under LSA-R.S. 15:529.1(C), because the State failed to prove that no more than five years had elapsed between the date his sentence had been terminated (1976) and the date of arrest (February 13, 1983). According to Sherry the statutory requirements for the enhanced sentence have not been met. We reject this contention.
LSA-R.S. 15:529.1(C) provides in pertinent part that multiple bill enhancements:
"....shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted...."
The well settled rule is that the determination of the expiration of a sentence is the date that the defendant is discharged from supervision; that is the discharge date under the sentence imposed. See State Ex Rel. Wilson v. Maggio, 422 So.2d 1121 (La.1982); State v. Anderson, 349 So.2d 311 (La.1977).
In the instant case, the State introduced evidence that defendant had been convicted in the State of Massachusetts of breaking and entering with an intent to steal, and had been sentenced to serve six years and one day on March 14, 1975. On the same day, he had also been convicted of possession of heroin resulting in an undetermined sentence to be served concurrently with the earlier sentence. Defendant was released on parole one year later on March 15, 1976. According to the certificate of parole, the "unexpired portion of" his "sentence" is March 14, 1981. This date is defendant's date of discharge from supervision. Accordingly, because not more than five years have elapsed between the date of discharge from supervision (March 14, 1981) and the date of arrest, we cannot say the trial judge erred in adjudicating Sherry a second offender. See State v. Vincent, 387 So.2d 1097 (La.1980).
Having so concluded, we affirm the sentence imposed.
AFFIRMED.
NOTES
[1] Defendant reserved his right to appeal the denial of a motion to suppress.
[2] The illegal carrying of weapons is defined in pertinent part in LSA-R.S. 14:95 as: "the intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one's person...."