658 So.2d 1 (1995)
STATE of Louisiana
v.
Leonard DOMINICK.
No. 94-KA-1368.
Court of Appeal of Louisiana, Fourth Circuit.
April 26, 1995.
Rehearing Denied August 18, 1995.
Harry F. Connick, Dist. Atty. and Kim Madere Graham, Asst. Dist. Atty., New Orleans, for appellee.
C. Gary Wainwright and Gregory K. Voigt, New Orleans, for appellant.
Before KLEES, LOBRANO and LANDRIEU, JJ.
LANDRIEU, Judge.
On March 19, 1993, Leonard Dominick, was charged by bill of information with theft of property valued between one hundred and five hundred dollars, a violation of La.Rev. Stat.Ann. 14:67(B) (West 1986). He pleaded *2 guilty on June 23, 1993, and was sentenced to serve two years at hard labor. The State filed a multiple bill and after several continuances of the multiple bill hearing, Dominick was permitted to withdraw his plea.[1]
In December 1993, Dominick was tried by a jury, found guilty as charged, and again sentenced to serve two years at hard labor. On February 18, 1994, the defendant was sentenced to serve twenty years at hard labor under the provisions of the Habitual Offender Law, La.Rev.Stat.Ann. 15:529.1 (West 1986). Dominick appeals, raising three assignments of error.

ASSIGNMENT OF ERROR 1
First, Dominick contends that the trial court erred by sentencing him to an enhanced sentence as a multiple offender after he had been granted goodtime release and placed on parole eleven days before the resentencing. Because the penalty enhancement statute is incidental to the latest conviction, the proceeding to enhance a sentence should be held before an accused has served his sentence. State ex rel. Williams v. Henderson, 289 So.2d 74, 77 (La.1974) (the defendant was multiple billed nineteen months after the imposition of the underlying charge and resentenced three months after being discharged from the original sentence).
In the instant case, the State filed a multiple bill of information immediately following the defendant's guilty plea and sentencing. After the defendant was allowed to withdraw his guilty plea, the State filed another multiple bill immediately following the post-trial sentencing. The multiple bill proceeding was conducted the day following sentencing. Having been incarcerated pre-trial, however, Dominick's parole release date from the two year sentence was mid-February of 1994, less than two months after the December 28, 1993 sentencing. The trial judge was cognizant of this fact when he set the multiple bill adjudication hearing the day after the post-trial sentencing and deferred the sentencing aspect for the parties to submit memoranda. There was never any dilatory action attributable to the State or the trial court in this case relative to the delay in the filing of the multiple bill, the adjudication, or the sentencing.
Further, Dominick, though released on parole, was not yet discharged from custody. "[T]he expiration of a sentence is the date that the defendant is discharged from supervision; that is the discharge date under the sentence imposed." State v. Sherry, 482 So.2d 78, 80 (La.App. 4th Cir.1986). Since Dominick's date of discharge from supervision was February 6, 1995, he was not discharged under his original sentence before he was resentenced.
Finally, whereas Dominick knew that the State intended to multiple bill him at least from the time of the withdrawal of his guilty plea, he could not have reasonably expected that he would be released on the charge without the imposition of an enhanced penalty. Accordingly, this assignment is without merit.

ASSIGNMENT OF ERROR 2
Dominick argues that the trial court erred by sentencing him to a term of imprisonment that is excessive under the Louisiana Constitution of 1974.[2] The imposition of a sentence, although within the statutory limit, may violate defendant's constitutional right against excessive punishment. State v. Cann, 471 So.2d 701, 703 (La.1985). A sentence which appears to be severe is considered excessive and unconstitutional if it makes no measurable contribution to acceptable goals of punishment, is grossly out of proportion to the severity of the crime and nothing more than the purposeless and needless imposition of pain and suffering. State v. Dorthey, 623 So.2d 1276, 1280 (La.1993); State v. Brogdon, 457 So.2d 616, 625 (La. 1984), cert. den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).
In the instant case, Dominick was sentenced to serve twenty years, the statutory *3 minimum under the Habitual Offender Law as a quadruple offender. La.Rev.Stat. Ann. 15:529.1 A(3)(a). He cites State v. Dorthey, 623 So.2d at 1280-81, in which the Louisiana Supreme Court held that, if the trial judge at sentencing finds:
that the punishment mandated by R.S. 15.529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounted to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime", he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive.
Dominick notes that his offense was the theft of telephones and other merchandise valued at less than five hundred dollars, that all the merchandise was returned to the store, and that he admitted supporting his drug habit with petty thefts but was never provided with drug treatment.
A review of the various transcripts in this case reveals that Dominick did not merely sneak out with the merchandise and then return it when caught. Rather, he got into an altercation with the store manager for which he pleaded guilty to simple battery. At sentencing on February 18, 1994, Dominick admitted to a nine-year habit of cocaine and alcohol abuse. He averred that he was never offered any drug rehabilitation from the Department of Corrections, but further averred that he had not had a drink or cocaine since his release on February 5, 1994.
Dominick admitted supporting his drug habit almost entirely by theft. He further admitted that he shoplifted weekly, if not daily. The trial court was aghast to hear the amounts the defendant was stealing and spending on alcohol and drugs. The trial judge noted at one point that he was "trying to get an idea how much [the defendant] cost our society by shoplifting." Dominick had been incarcerated four times previously and admitted that after each release he resumed stealing.
After a review of the record and transcripts, the trial judge did not abuse his discretion. Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR 3
Finally, Dominick argues that the trial court erred by granting the state's motion in limine prohibiting defense counsel from relating to the jury the minimum mandatory period of incarceration to which appellant was exposed. He maintains that, considering the State's intention to file a multiple bill alleging three predicate offenses, the defense should have been permitted to advise the jury that a conviction would result in a minimum mandatory sentence of twenty years flat time.
As stated in State v. Jackson, 450 So.2d 621, 633-34 (La.1984):
When the penalty imposed by the statute is a mandatory one, the trial judge must inform the jury of the penalty on the request of the defendant and must permit the defense to argue the penalty to the jury. State v. Hooks, 421 So.2d 880 (La. 1982); State v. Washington, 367 So.2d 4 (La.1978). In instances other than when a mandatory legislative penalty with no judicial discretion as to its imposition is required following verdict, the decision to permit or deny an instruction or argument on an offense's penalty is within the discretion of the trial judge. State v. Williams, 420 So.2d 1116 (La.1982); State v. Dawson, 392 So.2d 445 (La.1980); State v. Carthan, 377 So.2d 308 (La.1979); State v. Blackwell, 298 So.2d 798 (La.1974) (on rehearing), cert. denied, 420 U.S. 976, 95 S.Ct. 1401, 43 L.Ed.2d 656 (1975).
Although the multiple bill carries a mandatory minimum, the filing of the multiple bill is optional with the State. In any event, the allegations of the multiple bill must be proved before the mandatory minimum sentence becomes an issue and under Dorthey, the trial court has the discretion in not applying the mandatory minimum sentence if the facts warrant. Accordingly, any instruction or argument to the jury relative to the minimum sentence that a defendant could receive as a quadruple offender is within the discretion of the trial judge. Accordingly, this assignment is without merit.
*4 For the foregoing reasons, sentence imposed under the Habitual Offender Law is affirmed.
AFFIRMED.
NOTES
[1] Because he pleaded guilty with the understanding that he would not be multiple billed, Dominick was allowed to withdraw his plea.
[2] The defendant timely filed a motion for reconsideration of sentence and was permitted a hearing on the matter. The issue was thus preserved for appellate review.