WALTZER, Judge.
STATEMENT OF THE CASE
Walter Johnson was charged by bill of information on 16 December 1999 with possession of heroin, a violation of LSA-R.S. 40:966 C(l). Mr. Johnson pled not guilty at his arraignment on 3 May 2000.
On 5 June 2000, the State provided the defense answers to defense motions and informed the court that motions to suppress evidence and identification did not lie. The defense withdrew its motions to suppress evidence and identification. The trial court heard the defense motion to suppress confession and conducted a preliminary hearing. The trial court found sufficient probable cause to substantiate the charges and bound Mr. Johnson to trial, which was originally set for 11 July 2000. Mr. Johnson failed to appear on that date for a determination of counsel, whereupon the trial court issued an alias capias order for his arrest and set a bond forfeiture hearing to be held on 4 August 2000. On 4 August 2000, defendant appeared with new counsel for a status hearing. The trial court recalled the alias capi-as, ordered Mr. Johnson released on his original bond and re-set the trial for 22 August 2000. On defense motion, the trial court continued the trial to 18 September 2000. On that day, the court granted the state’s motion to continue the trial, and reset it for pre-trial. At a status hearing on 24 October 2000, the matter was set for I ¿trial on 30 November 2000. On that day, the trial was continued to 12 December 2000. On 12 December 2000 the trial court set the matter for status hearing on 14 December 2000. At the status hearing, the court set pre-trial for 28 December 2000. At the status hearing, trial was set for 6 March 2001.
Following trial on 6 March 2001, a twelve-person jury found Mr. Johnson guilty as charged, and the court set sentencing for 20 March 2001. At the sentencing hearing, the court ordered Mr. Johnson to serve four years in the custody of the Department of Corrections with credit for time served, without the benefit of probation or suspension of sentence. The court set a multiple bill hearing for 26 April 2001, subsequently continued to 16 August 2001. At that time, Mr. Johnson was fingerprinted and, on the state’s mo *1225 tion, the hearing was set for 20 September 2001.
The state charged Mr. Johnson with being a second offender. Mr. Johnson appeared with counsel and admitted to the allegations of the multiple bill. The court advised and interrogated Mr. Johnson as to his rights, and Mr. Johnson acknowledged his prior conviction and admitted his identity as the person charged in the bill. The court accepted his plea of guilty. The trial court vacated the previous sentence and ordered Mr. Johnson to serve five years in custody pursuant to LSA-R.S. 15:529.1 with credit for time served, to be served concurrently with any other sentence being served.
Mr. Johnson appeals his conviction and sentence.
STATEMENT OF FACTS
During his opening statement, counsel for Mr. Johnson said, “He [Mr. Johnsonj’s still waiting for a resolution in this matter. Heroin carries a mandatory four years.” The trial judge sustained the state’s objection.
The parties stipulated that if criminalist Corey Hall were called he would testify that he tested State Exhibit 1, an aluminum foil packet containing powder which tested positive for heroin, a controlled.dangerous substance.
Officer Brian Warner, currently assigned to the Detective Unit in the New Orleans Police Department’s Second District, testified that on 30 November 1999, while assigned to the Second District Task Force, he encountered Mr. Johnson. Officer Warner was dressed -in his task force uniform. He and his partner, David Osborne, were in a car traveling east in the 3400 block of Lasalle Street toward Louisiana Avenue when they observed Mr. Johnson riding a bike.on the sidewalk, a violation of traffic law. The area was known to the officers as a place where persons bought and sold illegal drugs. The Officers pulled up past Mr. Johnson and asked him to get off the bicycle, whereupon Mr. Johnson drove his bicycle into Martin’s seafood restaurant. The officers found Mr. Johnson’s behavior suspicious, exited their car and entered the restaurant. They saw Mr. Johnson straddling the bicycle’s crossbar. Mr. Johnson lpoked back and discarded an object onto a table inside of the restaurant. The officers saw that the object was a foil wrapper consistent with heroin packaging. Officer Warner helped Mr. Johnson . off the bicycle, walked him. outside, and placed, him in handcuffs. Officer Osborne retrieved and examined the discarded Robject, finding it contained white powder consistent with heroin. At that point, the officers placed Mr. Johnson under arrest. Officer Warner identified the contraband at trial.
Officer Wapner testified on cross-examination that en route to central lockup, after having advised Mr. Johnson of his rights, Mr. Johnson told him he had purchased the heroin for $20 from a person named Raymond. The officers never found Raymond.
Officer Warner testified on re-direct examination that Mr. Johnson was originally cited for . violation of Municipal Code 154; 1416, riding on the sidewalk, and Municipal Code 154:1403, lack of bicycle registration. Under cross-examination, Mr. Johnson admitted that he was operating an unregistered bicycle on the sidewalk at the time of his arrest.
Detective David Osborne testified, generally confirming Officer Warner’s testimony.
Mr. Johnson testified, admitting to a prior burglary conviction on his guilty plea. According to Mr. Johnson, he did not hear the officers ask him to get off the bicycle. He said it was his practice to take *1226 his bicycle into Martin’s, look at the menu, and purchase food. On the' day in question, the officers came into the store, took him outside, searched him, put him in their car and went back in the store. When they came out, they asked him if he had been in jail for a drug offense, and he told them he had not been. They told him, “You going now [sic].” They asked him questions about people robbing, breaking in houses and selling drugs, and he told 17them he did not know anything about these crimes. At central lockup, the officers offered him.a deal, which he refused. Mr. Johnson testified that the officers were always harassing him, asking where drugs and guns were located. He was arrested previously, for trespassing, for obstructing a sidewalk and for drinking in public.
Mr. Johnson testified that the officer planted the heroin, and denied any knowledge of a person named Raymond.
The trial court did not mention in his instructions to the jury the mandatory minimum sentence for the crime charged.
ERRORS PATENT REVIEW
We have reviewed the record in its entirety for errors patent and have found none.
ASSIGNMENT OF ERROR: The trial court erred in forbidding Mr. Johnson’s attorney from discussing the mandatory minimum sentencing range with the jury.
Counsel for Mr. Johnson correctly points out that it is well settled that when a penalty imposed by statute is mandatory, the trial judge must inform the jury of the penalty at defendant’s request and must permit the defense to argue the penalty to the jury. The State contends that this mandate applies only to cases in which the court could not exercise ANY judicial discretion in imposing sentence, and not to cases like Mr. Johnson’s where there is a statutory range in which the trial judge is |sto exercise his discretion, from a mandatory minimum sentence to a maximum sentence.
None of the cases cited by Mr. Johnson supports his position. In State v. Jackson, 450 So.2d 621 (La.1984), Robert Jackson was indicted for first degree murder. The trial court refused to instruct the jury as to the applicable penalty provisions of the responsive verdicts, second degree murder and manslaughter. The state and Mr. Jackson submitted a jury charge to the trial court that included the penalty-provisions for first and second degree murder and manslaughter; the trial judge instructed on the penalty only for first degree murder. The court recognized that when the penalty imposed by the statute is a mandatory one, the trial judge must so inform the jury on defendant’s request and must permit defendant to argue the penalty to the jury. However, the supreme court affirmed Mr. Jackson’s conviction and sentence, noting:
In instances other than when a mandatory legislative penalty with no judicial discretion as to its imposition is required following verdict, the decision to permit or deny an instruction or argument on an offense’s penalty is within the discretion of the trial judge. Jackson, 450 So.2d at 633-34.
The legislature has classified heroin as a Schedule I opium derivative and narcotic drug. LSA-R.S. 40:964 B(ll). As such, the pqpalty for its possession is not less than four years nor more than ten years, with a discretionary fine of not more than $5,000. LSA-R.S. 40:966 C(l). Thus, Mr. Johnson was charged with a crime having a mandatory minimum sentence and a maximum sentence, subject to the trial court’s discretion. Under the clear language of' Jackson, this is not a case in *1227 which |9the trial court was mandated to instruct the jury and to allow defense argument concerning the “mandatory sentence.”
Neither State v. Dominick, 94-1368 (La. App. 4 Cir. 4/26/95), 658 So.2d 1, nor State v. Washington, 367 So.2d 4 (La.1978), cited by Mr. Johnson, requires a contrary result. Leonard Dominick was charged with theft of property valued at between $100 and $500. He was found guilty and charged as a habitual offender. Among other assignments of error, Mr. Dominick argued that the trial court erred by granting the state’s motion in limine prohibiting defense counsel from arguing the mandatory minimum penalty of the Habitual Offender Law, LSA R.S. 15:529.1. This Court rejected Mr. Dominick’s contention, relying on the previously cited language from Jackson, and held:
Although the multiple bill carries a mandatory minimum,' the filing of the multiple bill is optional with the state. In any event, the allegations of the multiple bill must be proved before the mandatory minimum sentence becomes an issue and under Dorthey [State v. Dorthey, 623 So.2d 1276 (La.1993)], the trial court has the discretion in not applying the mandatory minimum sentence if the facts warrant. Accordingly, any instruction or argument to the jury relative to the minimum sentence that a defendant could receive as a quadruple offender is within the discretion of the trial judge. Dominick, at p. 5, 658 So.2d at 3.
Alvin “Coffee” Washington was charged with distribution of heroin in violation of LSA-R.S. 40:966 A and was found guilty as charged. He was sentenced to the mandatory life term imposed by the legislature for the distribution offense. Thus, the trial court had no discretion in imposing sentence. The supreme court held:
State v. Blackwell, 298 So.2d 798 (La. 1974), held that a jury need not be told of the penalty in an armed robbery case, noting, however, that in cases in which the penalty was mandatory life, the jury was to be informed. of [inthe sentence. In State v. Prater, 337 So.2d 1107 (La. 1976), a majority of this court indicated that Blackwell would not apply “when the statutory offense requires a mandatory legislative penalty, with no judicial discretion as to its imposition following verdict.” 337 So.2d 1107, 1110. State v. Milby, 345 So.2d 18 (La.1977), noted the exception to the Blackwell rule, but did not reverse because the case was tried before Prater.
Trial in this case began January 11, 1978. The issue is squarely presented. The trial judge was in error.
When the penalty imposed by the statute is a mandatory one the trial judge must inform the jury of the penalty on request of the defendant, and must permit the defense to argue the penalty to the jury, for the reasons expressed in the dissents to State v. Blackwell, swpra, and in the cases of State v. Prater, supra and State v. Milby, supra. Washington, 367 So.2d at 4.
Mr. Johnson’s case differs materially from that of Mr. Washington. While the trial judge had no choice but to sentence Mr. Washington, upon conviction, to life imprisonment, the trial judge in Mr. Johnson’s case could impose sentence within the range set forth by statute. The discretion present in the instant case was absent in Washington.
The supreme court recognized the principle in State v. Hooks, 421 So.2d 880, 886 (La.1982), where first and second degree murder were' charged. Since there was no judicial discretion to deviate from the life sentence mandated by statute for each of these offenses, instruction as to the *1228 penalty would have been required. The supreme court applied harmless error analysis and determined that defendant was not prejudiced by the trial court’s failure to give the requested instruction.
|r1The assignment of error is without merit.
CONCLUSION AND DECREE
For the reasons set forth herein, we conclude that the trial court did not abuse its discretion in refusing to allow instruction or argument concerning the mandatory minimum sentence applicable in the instant case. We affirm Walter Johnson’s conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.